**CITY OF ST. BERNARD, Appellee,**

v.

**STATE EMPLOYMENT RELATIONS BOARD, Appellant.**

[Cite as *St. Bernard v. State Emp. Relations Bd.* (1991), 74 Ohio App.3d 3.]

Court of Appeals of Ohio,
Hamilton County.

No. C–900141.

Decided May 8, 1991.

**4**

*Wood & Lamping, Thomas C. Korbee* and *Paul A. Berninger,* for appellee.

*Lee I. Fisher,* Attorney General, and *Joseph M. Oser,* for appellant.

*Stewart R. Jaffy & Associates Co., L.P.A.,* and *Stewart R. Jaffy,* urging reversal for *amicus curiae,* Ohio Association of Professional Firefighters, AFL–CIO.

*Per Curiam.*

This cause came on to be heard upon appeal from the Hamilton County Court of Common Pleas.

Appellant, the State Employment Relations Board ("SERB"), appeals from the trial court's order which reversed SERB's opinion and administrative order, holding that refusal by the city of St. Bernard ("city") to bargain with the International Association of Firefighters Local No. 405 ("IAFF") on the issue of residency was an unfair labor practice in violation of the Ohio Public Employees' Collective Bargaining Act and specifically R.C. 4117.11(A)(1) and (5). In its single assignment of error SERB contends that a residency requirement for public employees is a subject of mandatory collective bargaining under R.C. 4117.08(A). We find that the assignment of error is well taken.

The IAFF is the exclusive representative for the bargaining unit consisting of the city's firefighters and paramedics. In October 1985, the IAFF filed a notice seeking to commence negotiations with the city for an initial collective-bargaining agreement in accordance with R.C. 4117.14. Among the items for

negotiation, the IAFF listed the issue of residency. However, the city repeatedly refused to bargain on this issue, contending that residency was not a subject of mandatory collective bargaining. On January 15, 1986, after the factfinder, appointed pursuant to R.C. 4117.14(C)(3), failed to make findings as to residency, the IAFF filed an unfair-labor-practice charge with SERB. Eventually, the parties did enter into an agreement which was silent as to residency. Almost immediately thereafter, on April 30, 1986, the city enacted its first-ever residency ordinance, requiring all employees to reside in the city within six months of passage or "forfeit their position." [1]

Following investigation of the IAFF's complaint, SERB found probable cause to believe that the city had committed an unfair labor practice, and directed that a complaint be served. After a hearing, the SERB-appointed hearing officer issued a proposed order finding that the city had committed an unfair labor practice. On March 15, 1989, upon its determination that the residency requirements were a subject of mandatory bargaining, SERB ordered the city to negotiate with the IAFF on the issue. [2] The city appealed to the trial court, which granted the appeal, denied SERB's cross-petition for enforcement, and set aside SERB's order.

Mandatory subjects of collective bargaining are deemed to be matters of immediate concern that vitally affect the terms and conditions of employment of the bargaining-unit employees. *Allied Chemical & Alkali Workers of America v. Pittsburgh Plate Glass Co.* (1971), 404 U.S. 157, 179–180, 92 S.Ct. 383, 398, 30 L.Ed.2d 341, 357–358. R.C. 4117.08(A) [3] provides that the following in Ohio are subjects of mandatory bargaining:

"All matters pertaining to wages, hours, or terms and other conditions of employment and the continuation, modification, or deletion of an existing provision of a collective bargaining agreement are subject to collective bar-

---

1. The city's Ordinance No. 17–1986 states in pertinent part:
   "Section 3. All persons now holding positions of employment in the city service not residing within the City shall, within six months of the date of the passage of this ordinance establish and maintain their primary place of residence within the City, and continue to maintain such residency during their continued service with the City.
   "Section 4. Residency within the City *shall be a qualification for appointment and a continuing qualification for appointment for the duration of City employment.* Any employee who fails to maintain City residency shall automatically forfeit their position of employment. [Emphasis added]."

2. See *In re City of St. Bernard* (Mar. 15, 1989), SERB 89–007.

3. The Ohio statute is broader than its federal counterpart, Section 8(d) of the National Labor Relations Act (Section 158[d], Title 29, U.S.Code), which provides that the employer and employee representative are to confer in good faith "with respect to wages, hours *and* other terms and conditions of employment * * *." (Emphasis added.)

gaining between the public employer and the exclusive representative, except as otherwise specified."

As further required by R.C. 4117.08(C), public employers must also bargain in areas that are subjects of management rights and direction of the governmental unit if they "affect wages, hours, terms and conditions of employment * * *." *Lorain City Bd. of Edn. v. State Emp. Rel. Bd.* (1988), 40 Ohio St.3d 257, 262, 533 N.E.2d 264, 267. Therefore, a public employer's decision to exercise a management right which affects the terms and conditions of the unit's employment becomes a mandatory subject for bargaining. *Lorain City Bd. of Edn. v. State Emp. Rel. Bd., supra,* at 262, 533 N.E.2d at 268. In this case, we agree with SERB that initial or continued employment for employees within the bargaining unit is contingent upon residence. Residency is said to be a "qualification" for employment under Ordinance No. 17–1986, and therefore is outside the scope of management rights because the city has expressly made it a condition of employment subject to R.C. 4117.-08(A).[4]

In maintaining that residency is not a subject of mandatory bargaining, the city relies upon the following language in R.C. 4117.10(A), which states in pertinent part:

"Laws pertaining to civil rights, affirmative action, unemployment compensation, workers' compensation, the retirement of public employees, residency requirements * * * prevail over conflicting provisions of agreements between employee organizations."

As SERB correctly concluded, R.C. 4117.10(A) provides only that the ordinance prevails if it conflicts with the collective-bargaining agreement on one of the subjects enumerated in this section. It does not, however, delineate those prohibited or permissive subjects for bargaining which are listed, instead, under R.C. 4117.08(B) and (C). Had it intended to exclude residency requirements as a subject of collective bargaining, the legislature would have specifically included residency in R.C. 4117.08(B) or (C). Despite the parties' inability to agree even where the employer has adopted a residency requirement, the value of bargaining the residency issue is like any of the other

---

**4.** In support of its determination SERB cited the following cases from other jurisdictions with comparable statutes which mandate bargaining on the residency issue: *New Haven v. Connecticut State Bd. of Labor Rel.* (1979), 36 Conn.Supp. 18, 410 A.2d 140; *Matter of City of Pontiac & Local 539, UWA* (Mich.Emp.Rel.Comm., Dec. 2, 1980), No. C80D–109, at 2; *Detroit Police Officers Assn. v. Detroit* (1974), 391 Mich. 44, 214 N.W.2d 803; *Pennsylvania Labor Rel. Bd. v. Ambridge School Dist.* (Pa.Labor Rel.Bd., Jan. 23, 1978), Pub.Emp.Barg. (CCH), Paragraph 40; *Matter of Boston School Comm. & Boston Teachers Union, Local 66, AFT* (Mass.Lab.Comm., Apr. 15, 1977), No. MUP–2503.

"terms and conditions of employment," within the Ohio Supreme Court's observation in *Lorain City Bd. of Edn. v. State Emp. Rel. Bd., supra,* at 263, 553 N.E.2d at 269 [5]:

"Contrary to appellee's admonitions, this does not mean that management rights would be abrogated. Requiring appellee to bargain does not require that an agreement be reached. It does, however, provide a process whereby employees will be consulted about decisions which have a profound impact on them and, thus, industrial peace will be preserved and promoted."

Whether a public employer's unilateral action "affect[s] wages, hours, terms and conditions of employment" as used in R.C. 4117.08(C) is generally a factual question which varies depending upon the employer, the employees, and the circumstances of the case and is appropriately determined by SERB. *Lorain City Bd. of Edn. v. State Emp. Rel. Bd., supra,* at 260, 533 N.E.2d at 266. Upon the undisputed evidence, SERB correctly concluded that the city's pre-ordinance refusal to bargain, which continued and culminated in enactment of its residency ordinance, constituted an unfair labor practice in violation of R.C. 4117.11(A)(1) and (5). By failing to give due deference to SERB's interpretation of R.C. Chapter 4117, which was supported by substantial evidence in the record, the trial court abused its discretion in setting aside SERB's order. The trial court's general reference in its order to *Lorain City Bd. of Edn. v. State Emp. Rel. Bd., supra,* as its reason for reversal is without basis since that decision substantiates SERB's statutory interpretation and analysis of R.C. 4117.08(A).

■ We reject, however, the statement in SERB's opinion that "[a]s the product of the City's illegal conduct Ordinance No. 17 is invalid * * *." *In re City of St. Bernard, supra,* at 3–38. Although SERB may order a public employer to cease and desist from unfair labor practices committed against the bargaining unit as provided in R.C. 4117.12(B)(3), it lacks statutory jurisdiction to invalidate the ordinance of a political subdivision. Therefore, application of the order to cease and desist predicated upon the city's failure to bargain, as it relates to the enforcement of the residency requirements

---

5. SERB also observed along these same lines as follows in *In re City of St. Bernard, supra,* at 3–39:

"While the existence of an ordinance on a topic might preclude agreement by labor and management to a specific conflicting provision, there are other possible outcomes. Productive bargaining on such a topic might reveal approaches that are consistent with the existing law or might produce alternatives or improvements that could spark mutual pursuit of legislative change of the applicable ordinance. O.R.C. 4117.10(A) does not inhibit such useful and beneficial activity. Indeed, O.R.C. 4117.03(A), 4117.08(A), and 4117.11(A)(5) require it. [Footnotes omitted; emphasis original.]"

**8**

under Ordinance No. 17–1986, is limited exclusively to employees within the IAFF bargaining unit.

The judgment of the trial court is reversed, and SERB's order is reinstated. This cause is remanded to the trial court with instructions to enforce SERB's order.

*Judgment reversed.*

KLUSMEIER, P.J., HILDEBRANDT and GORMAN, JJ., concur.