[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas. The court granted appellees' motion to dismiss appellant's declaratory judgment action pursuant to Civ.R. 12(B) (1), lack of subject matter jurisdiction.
Appellant, Luis A. Santiago, is a captain in the city of Toledo Fire Rescue Department. In August 1995, the city of Toledo informed Santiago and seven other firefighters that they were not in compliance with Toledo Municipal Code § 2125.94.
Toledo Municipal Code Chapter 2125 is the codification of the collective bargaining agreement negotiated between the city of Toledo and Toledo Firefighters Local No. 92 of the International Association of Firefighters, AFL-CIO-CLC ("Union") Toledo Municipal Code § 2125.94 reads:
 "Every employee shall be a resident of the City of Toledo unless they have been granted a waiver. An employee may apply for a waiver through the Office of Mayor under the provisions of the City Charter.
 "Pursuant to Section 61 of the Charter of the City of Toledo, if the Firefighter has established and maintained his residence outside the limits of the City of Toledo prior to November 7, 1972, the Firefighter shall be allowed to keep such residency during his employment with the City of Toledo."
The Toledo Charter § 61, requires all city employees to reside in the city of Toledo unless their residence outside the city was established prior to November 7, 1972, or in a case where the residency requirement is waived. Waiver of the requirement is available "where non-residence of such employee would be in the best interests of the City and where justice to such employee so requires." Toledo Charter, § 61. This section of the charter also states: "Council shall provide by ordinance for the waiver of the requirement of City residence for any employee."
All eight of the nonresident firefighters followed, by proceeding to arbitration, the grievance process contained in the collective bargaining agreement to contest their possible dismissal for failure to comply with Toledo Municipal Code § 2125.94. Appellant, however, withdrew from the arbitration process and agreed to challenge the residency requirement by means of a declaratory judgment action in the common pleas court. He therefore requested a waiver; the waiver was denied.
On September 25, 1995, appellant filed a complaint naming appellees; the city of Toledo; Carleton Finkbeiner, in his capacity as Mayor of the city of Toledo; the city of Toledo Fire 
Rescue Department; and Michael Bell, in his capacity as the Fire Chief, as defendants.
Santiago asserted the denial of his application was arbitrary and that the selective manner in which the waiver was awarded violated his rights to procedural due process, equal protection and substantive due process. Santiago also asserted the grant of waivers in the past equitably estopped the city of Toledo from denying waivers in the present. He asked the court to: (1) determine his application contained facts demonstrating that it is in the best interest of Toledo and justice requires a waiver of the residency requirement in his case; (2) determine the obligation of Toledo City Council to establish criteria for the granting of a waiver under Toledo City Charter § 61; (3) determine appellant's obligations to proceed under the appropriate provisions of Toledo Municipal Code § 2125.94 and Toledo Charter § 61 in order to obtain a waiver of the residency requirements; and (4) award him attorney fees and costs.
Appellees filed a motion to dismiss appellant's complaint for lack of subject matter jurisdiction. Appellees argued public employees do not have a private cause of action against their employers when their claims arise from or are dependent on their collective bargaining agreement. They further asserted the court could not address the constitutional issues raised by appellant due to the existence of other "broad and inclusive remedies" provided by R.C. Chapters 4117 and 4112 and the union's collective bargaining agreement.
In his memorandum in opposition, appellant maintained his cause of action arose from the Toledo Charter § 61 rather than the collective bargaining agreement. He also argued his claims were independent of the collective bargaining agreement and could therefore be brought in a declaratory judgment action. Finally, appellant alleged that he lacked an administrative remedy to seek review of the denial of his waiver. For these reasons, appellant concluded the trial court did have subject matter jurisdiction over his declaratory judgment action.
The common pleas court disagreed. In its judgment granting the motion to dismiss, the court found Toledo Charter § 61 was incorporated into the collective bargaining agreement through Toledo Municipal Code § 2125.94. Thus, appellant's claims arose from and were dependent on the agreement. Accordingly, the court concluded appellant was required to follow the grievance procedure in Toledo Municipal Code § 2125.15. The court also held that, as a contract provision entered into by means of collective bargaining, the residency requirement could not be characterized as "positive law subject to a due process challenge for vagueness."
Appellant sets forth the following assignment of error:
 "THE TRIAL COURT ERRED IN FINDING THAT THE RESIDENCY REQUIREMENT ARISES FROM THE COLLECTIVE BARGAINING AGREEMENT AND THAT THE TRIAL COURT DID NOT HAVE SUBJECT MATTER JURISDICTION OVER APPELLANT'S CONSTITUTIONAL CLAIMS."
The standard applied by this court to this assignment of error is well established. When considering a motion to dismiss for lack of subject-matter jurisdiction pursuant to Civ.R. 12(B)(1), a court is not limited to the allegations in the complaint, but may consider any pertinent matter in making its decision. See Southgate Dev. Corp. v. Columbia Gas TransmissionCorp. (1976), 48 Ohio St.2d 211, paragraph one of the syllabus. See, also, Nemazee v. Mt. Sinai Medical Ctr. (1990), 56 Ohio St.3d 109,115 n. 3. The issue for the court is whether the complaint alleges any cause of action cognizable by the forum. Civ.R. 12(B)(1); Shockey v. Fouty (1995), 106 Ohio App.3d 420, 423-424.
In his assignment of error, appellant makes two arguments that are relevant to our disposition of this case. His third argument is directed to the merits of his cause of action and cannot be addressed by this court.
Santiago first asserts that his declaratory judgment action challenges the waiver process provided in Toledo Charter § 61. He claims this provision is not a part of the union's collective bargaining agreement. Appellant therefore contends that, because this is a claim independent of the collective bargaining agreement, he can bring an action outside the remedies provided in the agreement and/or R.C. Chapter 4117.
The legislature has established, through R.C. Chapter 4117, the Ohio Collective Bargaining Act, "a comprehensive framework for the resolution of public-sector labor disputes by creating a new series of rights and setting forth specific procedures and remedies." Franklin Cty. Enforcement Assn. v.Fraternal Order of the Police Capital City Lodge No. 9 (1991),59 Ohio St.3d 167, 169. Thus, if a public employee asserts claims that arise from or are dependent on collective bargaining rights created by R.C. Chapter 4117, the remedies in that chapter are exclusive. Id. at paragraph two of the syllabus.
In the case before us, R.C. 4117.08(A) mandates that matters related to "wages, hours, or terms and other conditions of employment" are subject to collective bargaining. Residency requirements are a "condition of employment" and are, therefore, subject to collective bargaining. City of St. Bernard v. StateEmp. Relations Bd. (1991), 74 Ohio App.3d 3, 6.
The city of Toledo and the Union did negotiate this issue. The result of that negotiation and agreement was Toledo Municipal Code § 2125.94. This section incorporates by reference the waiver provisions in Toledo Charter § 61. That is, the waiver provision in the Toledo Charter is referred to in Toledo Municipal Code § 2125.94 and this section declares that the waiver of the residency requirement must proceed under this provision. See Black's Law Dictionary (Abridged 6th ed. 1991), 527 (defining "incorporation by reference"). Pursuant to Toledo Municipal Code § 2125.15, a "grievance" is defined as "any controversy, complaint, misunderstanding or dispute arising from the interpretation, application or observance of any of the provisions herein or any supplement thereto." Accordingly, appellant is limited to challenging the waiver provision by means of the grievance procedure set forth in the collective bargaining agreement. See R.C. 4117.10(A). Consequently, his first argument lacks merit.
Santiago next contends that his constitutional claims do not arise from and are independent of the collective bargaining agreement. Therefore, he insists he can maintain his declaratory judgment action. See Franklin Cty. Enforcement Assn. v. FraternalOrder of the Police Capital City Lodge No. 9 (1991),59 Ohio St.3d at 172.
The Ohio Supreme Court, in Provens v. Stark Cty. Bd. ofMental Retardation Developmental Disabilities (1992), 64 Ohio St.3d 252, syllabus, held that if there are other reasonably satisfactory remedies provided by statute and/or administrative process, public employees do not have a private cause of action against their employer to address constitutional violations of policies embodied therein. In emphasizing the fact that existing remedies need not be complete, the Ohio Supreme Court stated:
 "While remedies provided the plaintiff [public employee] here * * * through the arbitration process under the collective bargaining agreement do vary from the remedies that might be available through a civil proceeding, such difference shall not be controlling where, in the totality, it may be concluded that the public employee has been provided sufficiently fair and comprehensive remedies." Id. at 260.
The Provens court expressly deferred to the legislative process in weighing conflicting policy considerations and creating processes and remedies for employees. Id. at 261.
We find, pursuant to the Ohio Supreme Court's mandate inProvens, appellant has fair and comprehensive remedies as set forth in Toledo Municipal Code Chapter 2125 and R.C. Chapter 4117. Therefore, he does not have a private cause of action against the city of Toledo for the alleged constitutional violations. Accord,Slauson v. New Philadelphia School District Bd. of Ed. (March 1, 1994), Tuscarawas App. No. 93-AP-07-0054, unreported; Davis v.Jones (Sept. 28, 1993), Hocking App. No. 93 CA 06, unreported. See, also, Jackson v. Kurtz (1979), 65 Ohio App.2d 152, 155
(independent constitutional claim cannot be brought absent enabling legislation that creates personal liability for unconstitutional official conduct and authorizes both legal and equitable relief). The trial court, therefore, correctly determined it lacked subject matter jurisdiction to consider appellant's claims.
For the foregoing reasons, appellant's sole assignment of error is found not well-taken.
The judgment of the Lucas county Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 7/1/92.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ James R. Sherck, J.
JUDGE
CONCUR.