**TERRY et al., Appellants,**

v.

**OTTAWA COUNTY BOARD OF MENTAL RETARDATION & DEVELOPMENTAL DISABILITIES et al., Appellees.**

[Cite as *Terry v. Ottawa Cty. Bd. of Mental Retardation & Developmental Disabilities,* 151 Ohio App.3d 234 2002-Ohio-7299.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–02–014.

Decided Dec. 30, 2002.

236

Margaret M. Murray, Dennis E. Murray Sr. and Duane L. Galloway, for appellants.

Joan C. Szuberla, Teresa L. Grigsby and Mark E. Mulligan, for appellees.

MELVIN L. RESNICK, Judge.

{¶ 1} This case is before the court on appeal from a judgment of the Ottawa County Court of Common Pleas, which granted the motion of defendant-appellee, the Ottawa County Board of Mental Retardation and Developmental Disabilities

("MRDD"), for a judgment on the pleadings. Plaintiffs-appellants are several employees of MRDD; plaintiff-appellant, Louise Terry, also an employee of MRDD; and their respective spouses. Appellants assert the following assignment of error:

{¶ 2} "The trial court erred in granting judgment on the pleadings to the Ottawa County Board of Mental Retardation and Developmental Disabilities by finding that political subdivisions are immune from liability for employer intentional torts."

{¶ 3} Appellants commenced the instant action against MRDD, among others, alleging that MRDD required its employees to work in an unhealthy workplace located at 140 Buckeye Boulevard in Port Clinton, Ohio. Appellants claimed that MRDD knew that there were toxicogenic substances, e.g., visible mold in the building and a black sludge in the walls, and was substantially certain that injury would result to its employees. They maintained that MRDD "knowingly disregarded the harm to which it was exposing" those employees. Appellants maintained that they suffered from various physical ailments such as chronic sinus infections, headaches, "lung illness," vomiting, diarrhea, fatigue, and anxiety because of this exposure.

{¶ 4} Appellants also filed a supplemental complaint based on the following facts. After they moved out of the premises at 140 Buckeye Boulevard, certain items (files, furniture, equipment, and personal belongings) were delivered to appellants at their new workplaces. According to the supplemental complaint, MRDD engaged in "intentional misconduct" by not cleaning those items prior to delivery. Thus, appellants alleged that MRDD knowingly re-exposed them to the contaminated items, thereby causing a reoccurrence of their physical symptoms.

{¶ 5} MRDD filed its answer, raising, inter alia, the defense of immunity under the Political Subdivision Tort Liability Act, R.C. Chapter 2744. In its subsequent motion for a judgment on the pleadings, MRDD observed that appellants' claims were "employer intentional torts" within the meaning of *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108. Therefore, as a county agency, MRDD concluded that it was, pursuant to R.C. Chapter 2744, immune from suit based on such a cause of action.

{¶ 6} Appellants filed a memorandum in opposition in which it contended that an employer intentional tort was neither a "governmental" nor a "proprietary" function of the county; thus, MRDD was not provided with immunity under R.C. 2744.02. In addition, appellants claimed that if MRDD was found immune pursuant to R.C. 2744.02, the claim was exempt under R.C. 2744.09(C). Finally, appellants asserted, in the alternative, that R.C. Chapter 2744 is unconstitutional because it violates Section 16, Article I, Ohio Constitution, which allows suits against the state.

{¶ 7}   After MRDD filed a reply to the memorandum in opposition, the common pleas court granted the motion for a judgment on the pleadings and included the language required by Civ.R. 54(B) to render that judgment a final, appealable order.  This appeal followed.

{¶ 8}   The standard applicable to our review of this cause is found in Civ.R. 12(C).  Because a motion for a judgment on the pleadings made pursuant to Civ.R. 12(C) may be made only after the pleadings are filed, it is characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be granted.  *Gawloski v. Miller Brewing Co.* (1994), 96 Ohio App.3d 160, 163, 644 N.E.2d 731.  Accordingly, the same standard of review is applied to both motions.  Id.  Thus, a court must limit its inquiry to the material allegations contained in the complaint and accept those allegations and all reasonable inferences as true.  *Lin v. Gatehouse Constr. Co.* (1992), 84 Ohio App.3d 96, 99, 616 N.E.2d 519.  If the allegations in the complaint are such that the plaintiff could prove no set of facts which would entitle him to relief, the moving party is entitled to judgment as a matter of law.  Id.

{¶ 9}   Appellants first argue that because MRDD engaged in an employer intentional tort, that county agency was not performing either a "governmental" or "proprietary" function.  Appellants are mistaken in that they confuse the "tort" with the "function" engaged in by MRDD.

{¶ 10}   R.C. Chapter 2744 was enacted by the General Assembly to provide Ohio's political subdivisions with immunity from tort liability, with a few enumerated exceptions.  *Wilson v. Stark Cty. Dept. of Human Services* (1994), 70 Ohio St.3d 450, 452, 639 N.E.2d 105.  A county is a political subdivision under the statute.  R.C. 2744.01(F).  The definition of a "governmental function" includes a function that is for the common good of all citizens of the state, R.C. 2744.01(C)(1)(b), and expressly includes the operation of mental retardation or developmental disabilities facilities, R.C. 2744.01(C)(2)(o).  It is undisputed that MRDD was engaged in this governmental function when the alleged injuries to appellants occurred and is, consequently, generally immune from suits based upon tort claims.  The alleged tortious act, that is, the employer intentional tort, must therefore meet one of the enumerated exceptions to the grant of general immunity.

{¶ 11}   Appellants, however, neither argued to the trial court nor attempted to raise on appeal the argument that an employer intentional tort can be classified as one of the exceptions listed in R.C. 2744.02.[1]  Instead, appellants

---

1.  {¶ a}   These exceptions read:

assert, for the first time, that MRDD is liable for intentional torts pursuant to R.C. 2744.03(A)(5).

{¶ 12}   Issues not initially raised in the trial court may not be raised for the first time on appeal. *Stevens Skin Softener, Inc. v. Revco Drug Stores, Inc.* (1997), 121 Ohio App.3d 212, 218, 699 N.E.2d 549. Accordingly, this court need

---

{¶ b}   "(1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees upon the public roads, highways, or streets when the employees are engaged within the scope of their employment and authority.

{¶ c}   The following are full defenses to that liability:

{¶ d}   "(a) A member of a municipal corporation police department or any other police agency was operating a motor vehicle while responding to an emergency call and the operation of the vehicle did not constitute willful or wanton misconduct;

{¶ e}   "(b) A member of a municipal corporation fire department or any other firefighting agency was operating a motor vehicle while engaged in duty at a fire, proceeding toward a place where a fire is in progress or is believed to be in progress, or answering any other emergency alarm and the operation of the vehicle did not constitute willful or wanton misconduct;

{¶ f}   "(c) A member of an emergency medical service owned or operated by a political subdivision was operating a motor vehicle while responding to or completing a call for emergency medical care or treatment, the member was holding a valid commercial driver's license issued pursuant to Chapter 4506. or a driver's license issued pursuant to Chapter 4507. of the Revised Code, the operation of the vehicle did not constitute willful or wanton misconduct, and the operation complies with the precautions of section 4511.03 of the Revised Code.

{¶ g}   "(2) Except as otherwise provided in sections 3314.07 and 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.

{¶ h}   "(3) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivisions open, in repair, and free from nuisance, except that it is a full defense to that liability, when a bridge within a municipal corporation is involved, that the municipal corporation does not have the responsibility for maintaining or inspecting the bridge.

{¶ i}   "(4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code.

{¶ j}   "(5) In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and 5591.37 of the Revised Code. Liability shall not be construed to exist under another section of the Revised Code merely because a responsibility is imposed upon a political subdivision or because of a general authorization that a political subdivision may sue and be sued, or because that section uses the term 'shall' in a provision pertaining to a political subdivision." R.C. 2744.02, as effective June 30, 1997.

not address the question of the effect, if any, of R.C. 2744.03 on the ability of appellants to bring a suit based upon employer intentional tort against MRDD.

{¶ 13} Furthermore, R.C. 2744.03 establishes immunities and defenses for political subdivisions and their employees in the event that one of the exceptions in R.C. 2744.02 does apply. *Campbell v. Burton* (2001), 92 Ohio St.3d 336, 340, 750 N.E.2d 539. Here, appellants apparently concede, and we agree, that none of the exceptions in R.C. 2744.02 do apply. Thus, R.C. 2744.03 has no relevance to the disposition of this cause and cannot be used by appellants to support their claim.

{¶ 14} Appellants' only other argument is that R.C. Chapter 2744 is inapplicable to employer intentional torts under R.C. 2744.09(B)[2] and (C).

{¶ 15} R.C. 2744.09 provides:

{¶ 16} "This chapter does not apply to, and shall not be construed to apply to, the following:

{¶ 17} "* * *

{¶ 18} "(B) Civil actions by an employee, or the collective bargaining representative of an employee, against his political subdivision relative to any matter that arises out of the employment relationship between the employee and the political subdivision;

{¶ 19} "(C) Civil actions by an employee of a political subdivision against the political subdivision relative to wages, hours, conditions, or other terms of his employment * * *."

{¶ 20} Initially, we note that ample case law exists which holds that political subdivisions cannot be held liable for intentional torts. *Wilson v. Stark Cty. Dept. of Human* Services, supra (claims for fraud and intentional infliction of emotional distress); *Farra v. Dayton* (1989), 62 Ohio App.3d 487, 576 N.E.2d 807 (claim for intentional interference with business interests); *Monesky v. Wadsworth* (Apr. 3, 1996), Medina App. No. 2478–M, 1996 WL 148655 (claims for trespass and demolition of a building).

{¶ 21} Indeed, other appellate courts have addressed the issue of whether an employer intentional tort is excepted under R.C. 2744.09(B) from the statutory grant of immunity to political subdivisions and determined that it is not. *Chase v. Brooklyn City School Dist.* (2001) 141 Ohio App.3d 9, 749 N.E.2d 798;

---

**2.** While appellants did not raise the issue of the applicability of R.C. 2744.09(B) in their memorandum in opposition to MRDD's Civ.R. 12(C) motion, MRDD did discuss this question in that motion. We therefore choose to consider the effect of this statutory provision on appeal.

*Engleman v. Cincinnati Bd. of Edn.* (June 22, 2001), Hamilton App. No. C–000597, 2001 WL 705575; *Stanley v. Miamisburg* (Jan. 28, 2000), Montgomery App. No. 17912, 2000 WL 84645; *Ventura v. Independence* (May 7, 1998), Cuyahoga App. No. 72526, 1998 WL 230429; *Ellithorp v. Barberton City School Dist. Bd. of Edn.* (July 9, 1997), Summit App. No. 18029, 1997 WL 416333. The rationale underlying this finding is that an employer's intentional tort against an employee does not arise out of the employment relationship, but occurs outside of the scope of employment. *Engleman,* supra; *Ellithorp,* supra, citing *Brady v. Safety–Kleen Corp.* (1991), 61 Ohio St.3d 624, 576 N.E.2d 722, paragraph one of the syllabus. See, also, *Chase v. Brooklyn City School Dist.,* 141 Ohio App.3d at 19, 749 N.E.2d 798, quoting *Ventura,* supra. We decline to depart from established appellate law and find that R.C. 2744.09(B) does not except an employer intentional tort from the immunity granted under the Political Subdivision Tort Liability Act.

{¶ 22} Nevertheless, appellants also assert that because their injuries are related to conditions in their workplace, R.C. 2744.09(C) removes their employer intentional tort claims from the ambit of the immunity statute. We disagree.

{¶ 23} In *Fabian v. Steubenville* (Sept. 28, 2001), Jefferson App. No. 00–JE–33, 2001 WL 1199061, the Seventh District Court of Appeals was asked to determine whether an employer intentional tort was exempted from the immunity provisions of R.C. Chapter 2744 by R.C. 2744.09(C). James Fabian, the injured employee, contended that the allegations in his complaint went to the safety "condition" present at the time of his injuries and, therefore, under this subsection, he could maintain an employer-intentional-tort claim against his employer, the city of Steubenville.

{¶ 24} The *Fabian* court noted that the language of R.C. 2744.09(C) tracks the language used in the Ohio Public Employees Collective Bargaining Act, R.C. Chapter 4117, which covers all subjects that "affect wages, hours, terms and conditions of employment." Id. It concluded that the word "conditions" should be given its technical meaning as developed in the context of collective-bargaining law. Id., citing R.C. 1.42 ("Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly"). As a result, the Seventh District Court of Appeals found that conditions of employment are those conditions that employees must satisfy in order to maintain his or her employment rather than actual physical conditions in the workplace. Id.

{¶ 25} We find the reasoning in *Fabian* persuasive and thus hold that R.C. 2744.09(C) does not except an employer intentional tort claim from the general grant of immunity granted to MRDD under R.C. Chapter 2744.

■ {¶ 26} Appellants next argue that R.C. Chapter 2744 is unconstitutional because it violates Section 16, Article I, Ohio Constitution, which provides for open access to courts and suits against the state. This court has previously rejected this argument on more than one occasion. See *Padilla v. YMCA of Sandusky Cty.* (1992), 78 Ohio App.3d 676, 605 N.E.2d 1268; *Beck v. Adam Wholesalers of Toledo, Inc.* (June 2, 2000), Sandusky App. No. S–99–018, 2000 WL 706796; *Perales v. Toledo* (Apr. 23, 1999), Lucas App. No. L–98–1397, 1999 WL 234566.

■ {¶ 27} Finally, appellants assert that the preclusion of recovery for employer intentional torts is against public policy because (1) a hazardous workplace cannot lead to the efficient operation of government, (2) even a government owes a duty of care to provide its employees with a safe workplace, and (3) a system that allows employees of a political subdivision to recover for the negligent harm caused by their employer but not to recover for intentional harm caused by that employer is anomalous.

{¶ 28} First, as aptly stated by MRDD, the public policy underlying the enactment of R.C. Chapter 2744 is the preservation of the financial soundness of its political subdivisions—not the promotion of the efficient operation of those governmental units. *Menefee v. Queen City Metro* (1990), 49 Ohio St.3d 27, 29, 550 N.E.2d 181. Second, the last two assertions made by appellants incorrectly presume that employees of political subdivisions have no legal recourse for injuries suffered as the result of an unsafe workplace. This is simply not true. Whether the injury is the result of negligence or alleged intentional employer misconduct, the employee of a political subdivision is entitled to pursue his or her claim for workers' compensation. Thus, we find no merit in appellants' public-policy arguments.

{¶ 29} For all of the foregoing reasons, appellants' sole assignment of error is found not well taken. The judgment of the Ottawa County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal.

Judgment affirmed.

PETER M. HANDWORK and JAMES R. SHERCK, JJ., concur.