DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Thomas R. and Mary Dolis, appeal from an order dismissing their claims against Appellee, the City of Tallmadge ("Tallmadge"); Appellee, John Gilbert ("Gilbert"), a Tallmadge employee, cross-appealed the trial court's failure to dismiss Appellants' claims against him. We affirm.
 I. {¶ 2} Appellant, Thomas Dolis, is an employee in the Service Department of Tallmadge. On November 20, 2000, while directing traffic around a department backhoe, which was removing a salt spill from the roadway, Thomas was hit by a car and suffered injury as a result. Appellants filed suit, alleging that Appellees knew of a dangerous condition and took steps that were substantially certain to cause Thomas to be seriously injured or killed. Appellants also alleged that Appellees failed to keep the street safe, open, in repair, and free from nuisance. Appellants further claimed that their injuries, damages and losses were caused by Appellees' willful, wanton and intentional actions and/or were caused by misconduct which manifested a flagrant disregard for Thomas' safety. Specifically, Thomas claimed that Gilbert "directed and required Thomas to direct traffic at night, by himself and without any proper safety and warning equipment or devices in an area that lacked a line of sight due to the crest of a hill and moving construction equipment." Appellants later amended the complaint to include a challenge to the constitutionality of the governmental immunity statute.
 {¶ 3} Appellees jointly filed a motion to dismiss pursuant to Civ.R. 12(B)(6) stating that "[b]oth the City of Tallmadge and John Gilbert are entitled to governmental immunity and the [Appellants'] case should be dismissed on its face." The trial court granted the motion as to Tallmadge and denied the motion as to Gilbert. Appellants timely appealed; Gilbert cross-appealed. We affirm the dismissal of Tallmadge as a party; we dismiss Gilbert's cross-appeal for lack of a final, appealable order.
 II. Assignment of Error No. 1
"The trial court erred when it determined that plaintiffs-appellants' claims against defendant-appellee city of tallmadge were barred by ohio's political subdivision tort liability statute (R.C. § 2744.01 et seq.) (hereinafter `Ohio's political subdivision immunity statute') and therefore erred when it granted the motion to dismiss of defendant-appellee City of Tallmadge. (Order of 10/03/03, pp. 4-9, attached as Appendix A.)"
 {¶ 4} Appellants herein argue that, although there are prior court decisions determining what constitutes a "nuisance" under the statute, Appellants disagree with those decisions, stating "[t]here is no logical rhyme or reason why the statutory meaning of `nuisance' * * * should be limited to just those items that create a danger for ordinary traffic on the roadway," and leaving highway workers vulnerable when maintaining the highways. Further, Appellants argue that the doctrine of sovereign immunity is inapplicable because: (1) Tallmadge exerted its judgment or discretion in a wanton and reckless manner; (2) liability is imposed upon Tallmadge by another statute; and (3) pursuant to R.C. 2744.09(C), the immunity statute does not apply where claims concern employment conditions. Because R.C. 2744.09(C) would render R.C. 2744.02 inapplicable, we address that argument first.
 {¶ 5} R.C. 2744.09 operates to take certain types of actions entirely out of the purview of R.C. 2744:
"[R.C. 2744] does not apply to, and shall not be construed to apply to, the following:
"* * *.
"(C) Civil actions by an employee of a political subdivision against the political subdivision relative to wages, hours, conditions, or other terms of his employment." R.C. 2744.09.
 {¶ 6} Appellants argue that requiring Thomas to direct traffic on the crest of a hill, in the dark, without protective gear, involves a condition of employment. That assertion is incorrect. "Both the language of [R.C. 2744.09(C)] and [prior] court decisions make clear that the term `conditions of employment' refers to the conditions an employee must meet to maintain employment, not the conditions an employee works within." Fabian v. City of Steubenville (Sept. 28, 2001), 7th Dist. No. 00 JE 33. Such things as residency requirements constitute "conditions of employment." Id., citing St. Bernardv. State Emp. Rel. Bd. (1991), 74 Ohio App.3d 3. Furthermore, "[a]n employer's intentional tort against an employee does not arise out of the employment relationship, but occurs outside the scope of employment." Ellithorp v. Barberton City School Dist.Bd. of Edn. (July 9, 1997), 9th Dist. No. 18029, at 7. Therefore, R.C. 2744.09(C) does not strip Tallmadge of immunity.
 {¶ 7} We turn now to the remaining arguments. R.C. 2744 provides immunity to Ohio political subdivisions from civil suit. As a general rule, political subdivisions are immune from any civil action. R.C. 2744.02(A). However, the statutory scheme contains exceptions to that rule in R.C. 2744.02(B). Yet even if a particular case falls within the exceptions, immunity is still available where one of the defenses contained in R.C. 2744.03
applies. Cater v. City of Cleveland (1998), 83 Ohio St.3d 24. Thus, determining whether a political subdivision is immune from tort liability pursuant to R.C. Chapter 2744 involves a three-tiered analysis. Greene Cty. Agricultural Soc. v. Liming
(2000), 89 Ohio St.3d 551, 556-557.
 {¶ 8} The first tier is the general rule that a political subdivision is immune from liability incurred in performing either a governmental function or proprietary function. Id.; R.C.2744.02(A)(1). "With respect to the tort liability of political subdivisions, the maintenance and repair of bridges, roads, highways, and streets is a `governmental function.'" Maier v.City of Norton (June 11, 1997), 9th Dist. No. 18002, at 5, discretionary appeal not allowed, (1997) 80 Ohio St.3d 1426. Therefore, in this case, Tallmadge was engaged in a governmental function and immunity applies.
 {¶ 9} The second tier of the analysis requires a court to determine whether any of the exceptions to immunity listed in R.C. 2744.02(B) apply to expose the political subdivision to liability. Greene Cty. Agricultural Soc., 89 Ohio St.3d at 557. Appellants claim that the applicable exception to immunity is found within R.C. 2744.02(B)(3) which states,
"[P]olitical subdivisions are liable for injury, death, or loss to person or property caused by their failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivisions open, in repair, and free from nuisance[.]"
 {¶ 10} Appellants argue that Tallmadge's operation to remove salt from the roadway constituted a failure to keep the public highway open, in repair, and free from nuisance. In order to incur liability under R.C. 2744.02(B)(3), the nuisance condition must affect the highway's safety for the regular and ordinary course of traffic. Maier, 9th Dist. No. 18002, at 7. Appellants concede that this definition of nuisance applies, but argued below that the lack of clear line of sight on the road due to a crest of a hill and moving equipment constituted a nuisance to Thomas while he was working. However, Appellants did not argue or demonstrate that the crest of the hill and the equipment affected the regular and ordinary course of traffic, which the law requires them to do.
 {¶ 11} Alternatively, Appellants argue that an exception to immunity in this case lies in the language of R.C. 2744.02(B)(5) which states:
"[A] political subdivision is liable for injury, death, or loss to person or property when liability is expressly imposed upon the political subdivision by a section of the Revised Code * * *. Liability shall not be construed to exist under another section of the Revised Code merely because a responsibility is imposed upon a political subdivision or because of a general authorization that a political subdivision may sue and be sued."
 {¶ 12} Appellants claim that Tallmadge is an employer and R.C. 4101, et seq., imposes a duty upon all employers to safeguard employees and the workplace. However, the trial court noted, and this court agrees, that R.C. 4101 is silent regarding political subdivisions; R.C. 2744.02(B)(5) requires that R.C. 4101 expressly impose liability on a political subdivision. Therefore, R.C. 2744.02(B)(5) does not provide an exception to immunity in this case.
 {¶ 13} Lastly, Appellants argue that an exception to immunity exists due to language in R.C. 2744.03(A)(5) which states,
"The political subdivision is immune from liability if the injury * * * or loss * * * resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner."
 {¶ 14} Appellants claim that Tallmadge's requirements that Thomas direct traffic was judgment or discretion exercised with malicious purpose, in bad faith, or in a wanton or reckless manner, and therefore Tallmadge is not immune from liability. The language of this section would be applicable only if Tallmadge found it necessary to raise these defenses. However, this section of the statute constitutes the third tier of the immunity analysis, and we need not reach the question as Appellants did not surpass the hurdle of the second tier.
 {¶ 15} Appellants' first assignment of error is overruled.[1]
 Assignment of Error No. 2
"The trial court erred when it determined that Ohio's political subdivision immunity statute was not unconstitutional. (Order of 10/03/03, PP. 9-10, attached as Appendix A.)"
 {¶ 16} In this second assignment of error, Appellants argue that R.C. Chapter 2744 is unconstitutional because it violates the Due Process Clause, Article I, Section 16 of the Ohio Constitution; because it violates the right to a jury trial as enumerated in the Ohio Constitution; because it violates the Equal Protection Clause of both the Ohio and the U.S. Constitutions; and because it violates Article II, Section 34 of the Ohio Constitution, which calls for the enactment of laws providing for the health, safety and general welfare of employees. Appellants believe that "[d]ecisions from the Ohio Supreme Court over the past few years indicate that the impending abolition of Ohio's immunity statute on unconstitutionality grounds is on the horizon."
 {¶ 17} As to whether R.C. 2744 et seq. violates Article I, Section 16; Article I, Section 5; or Article I, Section 2 of the Ohio Constitution has already been addressed by this court. As stated in Shadoan v. Summit Cty. Children Svcs. Bd., 9th Dist. No. 21486, 2003-Ohio-5775, appeal denied, 101 Ohio St.3d 1489, until the Ohio Supreme Court renders a majority opinion to the contrary, "we will not strike down the legislation as unconstitutional."
 {¶ 18} As to whether R.C. 2744 et seq. violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, the federal and Ohio Equal Protection Clauses are to be construed and analyzed identically. Desenco,Inc. v. Akron (1999), 84 Ohio St.3d 535, 544; Keaton v.Ribbeck (1979), 58 Ohio St.2d 443, 445. We have already referred to Shadoan, supra, upholding R.C. 2744 as not in violation of the Ohio Equal Protection Clause. "R.C. Chapter 2744 does not violate Section 1, Fourteenth Amendment, United States Constitution." Beck v. Adam Wholesalers of Toledo, Inc. (Jun. 2, 2000), 6th Dist. No. S-99-018.
 {¶ 19} Finally, Article II, Section 34 of the Ohio Constitution states:
"Laws may be passed fixing and regulating the hours of labor, establishing a minimum wage, and providing for the comfort, health, safety and general welfare of all employees; and no other provision of the constitution shall impair or limit this power."
 {¶ 20} Appellants argue that R.C. 2744 does not further the comfort, health, safety and general welfare of political subdivision employees and is, therefore, in violation of Article II, Section 34. "This argument presupposes that this section of Ohio's constitution requires the legislature to promote such laws, rather than simply allowing it to do so." Erd v. FlowerHospital (C.P. 2000), 2000 Ohio Misc. LEXIS 10. Actually, "[t]his section empowered the General Assembly to regulate the employment relationship without running afoul of the now-obsolete judicial doctrine of `economic substantive due process.'" Bradyv. Safety-Kleen Corp. (1991), 61 Ohio St.3d 624, 639 (Brown, J., concurring). Article II, Section 34 is a broad grant of authority to the General Assembly, not a limitation on its power to enact legislation. American Ass'n of Univ. Professors v. Central StateUniv. (1999), 87 Ohio St.3d 55, 61. Furthermore, Article II, Section 34 does not apply to employer intentional torts because they are not part of the employment relationship. Brady (1991),61 Ohio St.3d at 639 (Brown, J., concurring).
 {¶ 21} Appellants' second assignment of error is overruled.
 Cross Assignment of Error
"The trial court erred in * * * denying defendant John Gilbert's motion to dismiss the appellants' complaint against him."
 {¶ 22} In this cross-assignment of error, Gilbert appeals the trial court's denial of his Civ.R. 12(B)(6) motion to dismiss. The motion to dismiss states that "Gilbert [is] entitled to governmental immunity and the plaintiff's complaint should be dismissed on its face." The trial court denied the motion, stating that Gilbert was sued "individually for his willful, wanton, and intentional action." The trial court then reasoned that if all factual allegations in the complaint are presumed to be true, "Gilbert has not met the burden to show that the allegations in the complaint can prove no set of facts which, when construed most favorably to Plaintiffs, would entitle Plaintiffs to relief." Upon appeal, Gilbert argues that the trial court erred because he is entitled to immunity under R.C.2744.02. Further, Gilbert argues that R.C. 4123.741 precludes a suit against a fellow employee for an intentional tort.
 {¶ 23} The initial issue for resolution prior to any consideration of the merits, is whether the trial court order denying Gilbert's Civ.R. 12(B)(6) motion to dismiss premised upon R.C. 2744.02 is a final, appealable order. If a judgment or order rendered by a trial court is not final and appealable, this court does not have jurisdiction to hear the appeal. See R.C. 2501.02. Generally, the denial of a motion to dismiss is not a final, appealable order. Lakewood v. Pfeifer (1992),83 Ohio App.3d 47, 50. Gilbert asserts that, pursuant to R.C. 2744.02(C), the trial court's denial of its motion to dismiss based upon governmental immunity is a final, appealable order. R.C.2744.02(C) states, "An order that denies * * * an employee of a political subdivision the benefit of an alleged immunity from liability as provided in [R.C. Chapter 2744], * * * is a final order."
 {¶ 24} "Paragraph (C) was added to R.C. 2744.02 in the legislature's enactment of 2000 S.B. No. 106 ("S.B. 106"), effective April 9, 2003[.]" Jackson v. City of Columbus,156 Ohio App.3d 114, 2004-Ohio-546, at ¶ 10. In doing so, the legislature did not express the intent to make paragraph (C) retroactive, but stated specifically that statutes "`as amended by this act, apply only to causes of action that accrue on or after the effective date of this act. Any cause of action that accrues prior to the effective date of this act is governed by the law in effect when the cause of action accrued.'" Id., at ¶ 12, quoting uncodified law in Section 3 of S.B. No. 106. (Emphasis omitted.) This cause of action accrued prior to the April 9, 2003 effective date of RC. 2744.02(C). Therefore, R.C.2744.02(C) does not operate to make the trial court's denial of Gilbert's motion to dismiss a final, appealable order and this court does not have jurisdiction to hear the cross-appeal. Id. Gilbert's cross-appeal is dismissed for lack of a final, appealable order.
 III. {¶ 25} Appellants' two assignments of error are overruled. Cross-Appellant Gilbert's appeal is dismissed for lack of a final, appealable order. The judgment of the trial court pertaining to Appellants' appeal is affirmed.
Judgment affirmed; cross-appeal dismissed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants and Cross-Appellant equally.
Exceptions.
Slaby, J., concurs.
[1] The matter addressed by the dissent was not raised by Appellants.