WILLIAMS et al., Appellants,

v.

McFARLAND PROPERTIES, L.L.C., et al., Appellees.

[Cite as *Williams v. McFarland Properties, L.L.C.*,
177 Ohio App.3d 490, 2008-Ohio-3594.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2007–08–200.

Decided July 21, 2008.

</div>

Clayton G. Napier, Timothy R. Evans, for appellants.

Freund, Freeze & Arnold, Gordon D. Arnold, for appellee, McFarland Properties.

Dinsmore & Shohl, Gary Becker, for appellee, city of Hamilton.

Benjamin W. Crider, for appellee, Ohio Bureau of Workers' Compensation.

Frank Leonetti III, for appellee, Butler County Behavioral Health.

---

YOUNG, Judge.

{¶ 1} Plaintiff-appellant John Williams Sr. appeals a decision of the Butler County Court of Common Pleas granting summary judgment to defendant-appellee the city of Hamilton, in an employer-intentional-tort action. Appellant also appeals the trial court's decision granting summary judgment in favor of the city and against the Ohio Bureau of Workers' Compensation.

{¶ 2} In 2004, appellant was a lineman for the city's Electric Distribution Department. On September 27, 2004, appellant was injured when he was burned while attempting to repair a downed transformer located at University Boulevard and Lincoln Avenue in Hamilton, Ohio. Appellant filed a complaint alleging several claims against several parties, including an intentional-tort claim against the city. Specifically, appellant alleged that the city had knowledge of a dangerous condition, a malfunctioning and defective piece of electrical equipment;

failed to use proper safety devices and techniques; failed to warn appellant of the danger; and failed to supervise appellant's actions.

{¶ 3} The city moved for summary judgment against appellant on the ground that under R.C. Chapter 2744, it was immune from liability for damages caused by an intentional tort. The city also moved for summary judgment against the bureau. On May 2, 2007, the trial court granted the city's motion for summary judgment against appellant on the ground that the city was immune from liability under R.C. Chapter 2744. On June 25, 2007, the trial court granted the city's motion for summary judgment against the bureau as follows: "The Workers' Compensation statute [R.C. 4123.931] does not express[ly] impose liability on a political subdivision for employer intentional torts. In addition, the statute does not grant the Bureau greater rights than those available to [appellant]. [Appellant] is not entitled to any recovery from the City of Hamilton; therefore, there is no valid claim to which the Bureau may be subrogated."

{¶ 4} Appellant appeals, raising two assignments of error.

{¶ 5} Assignment of error No. 1:

{¶ 6} "The court erred in granting summary judgment to the city of Hamilton against John and Melissa [appellant's wife] Williams."

{¶ 7} This court's review of a trial court's ruling on a motion for summary judgment is de novo. *Broadnax v. Greene Credit Serv.* (1997), 118 Ohio App.3d 881, 887, 694 N.E.2d 167. Summary judgment is appropriate when there are no genuine issues of material fact to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *Smith v. Five Rivers MetroParks* (1999), 134 Ohio App.3d 754, 760, 732 N.E.2d 422. All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. *Morris v. First Natl. Bank & Trust Co.* (1970), 21 Ohio St.2d 25, 50 O.O.2d 47, 254 N.E.2d 683. To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. The nonmoving party must then present evidence that some issue of material fact remains to be resolved. Id.

{¶ 8} Appellant first argues that the trial court erred by finding that the city was immune from liability under R.C. Chapter 2744 because immunity granted under R.C. 2744.02 does not extend to proprietary functions. It is undisputed that in the case at bar the city is a political subdivision engaged in a proprietary function. See R.C. 2744.01(F) and (G)(2)(c). Nonetheless, we find

that the city is immune under R.C. 2744.02 from the intentional-tort claim whether or not it is engaged in a proprietary function.

{¶ 9} As a general rule, "[e]xcept as provided in [R.C. 2744.02](B) * * *, a political subdivision is not liable in damages in a civil action for injury * * * allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision *in connection with a governmental or proprietary function.*" (Emphasis added.) R.C. 2744.02(A)(1). R.C. 2744.02(B) lists five exceptions to the general grant of immunity: the negligent operation of a motor vehicle by an employee, R.C. 2744.02(B)(1); the negligent performance of acts by an employee with respect to a proprietary function, R.C. 2744.02(B)(2); the negligent failure to keep public roads in repair and open, R.C. 2744.02(B)(3); the negligence of employees occurring within or on the grounds of buildings used in connection with the performance of governmental functions, R.C. 2744.02(B)(4); and when civil liability is expressly imposed upon the political subdivision by statute, R.C. 2744.02(B)(5).

{¶ 10} We find that none of the exceptions under R.C. 2744.02(B) are applicable. Because the alleged conduct of the city did not involve the operation of a vehicle, the failure to keep public roads in repair and open, or the negligence of employees in buildings used in connection with a governmental function, R.C. 2744.02(B)(1), (3), and (4) do not apply. With regard to R.C. 2744.02(B)(5), appellant has not alleged any section of the Ohio Revised Code that imposes liability on a political subdivision for the injuries he received. Finally, although it refers to proprietary functions, R.C. 2744.02(B)(2), by its very language, applies only to cases where injury results from *negligence.* Appellant's complaint against the city alleged only an intentional-tort claim. Thus, R.C. 2744.02(B)(2) is not applicable.

{¶ 11} In fact, because R.C. 2744.02(B) includes no specific exceptions for intentional torts, Ohio courts have consistently held that political subdivisions are immune under R.C. 2744.02 from intentional-tort claims. See *Thayer v. W. Carrollton Bd. of Edn.*, Montgomery App. No. 20063, 2004-Ohio-3921, 2004 WL 1662198; *Terry v. Ottawa Cty. Bd. of Mental Retardation & Developmental Disabilities*, 151 Ohio App.3d 234, 783 N.E.2d 959, 2002-Ohio-7299; *Fabian v. Steubenville* (Sept. 28, 2001), Jefferson App. No. 00 JE 33, 2001 WL 1199061; *Ellithorp v. Barberton City School Dist. Bd. of Edn.* (July 9, 1997), Summit App. No. 18029, 1997 WL 416333; *Coats v. Columbus,* Franklin App. No. 06AP–681, 2007-Ohio-761, 2007 WL 549462; and *Sabulsky v. Trumbull Cty.,* Trumbull App. No. 2001–T–0084, 2002-Ohio-7275, 2002 WL 31886686. See also *Wilson v. Stark Cty. Dept. of Human Servs.* (1994), 70 Ohio St.3d 450, 639 N.E.2d 105 ("Consequently, except as specifically provided in R.C. 2744.02(B)(1), (3), (4) and (5), with respect to governmental functions, political subdivisions retain their cloak of

immunity from lawsuits stemming from employees' negligent or reckless acts. * * * There are no exceptions to immunity for the intentional torts of fraud and intentional infliction of emotional distress"); *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, ¶ 8, quoting *Wilson v. Stark Cty. Dept. of Human Servs.* (1994), 70 Ohio St.3d 450, 452, 639 N.E.2d 105 ("This court has reviewed R.C. 2744.02(B)(5) in the context of intentional torts and concluded that 'there are no exceptions to immunity for the intentional torts of fraud and intentional infliction of emotional distress' ").

{¶ 12} Appellant next argues that R.C. Chapter 2744 is inapplicable to employer intentional torts under R.C. 2744.09(B) and (C). We disagree.

{¶ 13} R.C. 2744.09 sets forth several exceptions that remove certain types of civil actions entirely from the purview of R.C. Chapter 2744. Specifically, R.C. 2744.09(B) provides that R.C. Chapter 2744 "does not apply to * * * [c]ivil actions by an employee * * * against his political subdivision relative to any matter that arises out of the employment relationship between the employee and the political subdivision." R.C. 2744.09(C), in turn, provides that R.C. Chapter 2744 "does not apply to * * * [c]ivil actions by an employee of a political subdivision against the political subdivision relative to wages, hours, conditions, or other terms of his employment."

{¶ 14} Because appellant's injuries occurred within the scope of his employment, it appears at first blush that R.C. 2744.09(B) might be applicable here. However, because appellant's complaint against the city alleged solely an employer intentional tort, R.C. 2744.09(B) does not apply for the following reasons.

{¶ 15} In *Brady v. Safety–Kleen Corp.* (1991), 61 Ohio St.3d 624, 576 N.E.2d 722, the Ohio Supreme Court held that "[a] cause of action brought by an employee alleging intentional tort by the employer in the workplace is not preempted by Section 35, Article II of the Ohio Constitution, or by R.C. 4123.74 and 4123.741. While such cause of action contemplates redress of tortious conduct that occurs during the course of employment, an intentional tort alleged in this context necessarily occurs outside the employment relationship." Id. at paragraph one of the syllabus. The Supreme Court noted that " '[i]njuries resulting from an employer's intentional torts, even though committed at the workplace, * * * are totally unrelated to the fact of employment,' " and that " 'such intentional tortious conduct will always take place outside the [employment] relationship.' " Id. at 634, 576 N.E.2d 722, quoting *Taylor v. Academy Iron & Metal Co.* (1988), 36 Ohio St.3d 149, 162, 522 N.E.2d 464 (Douglas, J., dissenting).

{¶ 16} In *Engleman v. Cincinnati Bd. of Edn.* (June 22, 2001), Hamilton App. No. C–000597, 2001 WL 705575, relying upon the foregoing language from the

Supreme Court, the First Appellate District held that because an employer intentional tort does not arise out of the employment relationship, but occurs outside the scope of employment and is always outside the employment relationship, R.C. 2744.09(B) does not apply to intentional-tort claims:

{¶ 17} "R.C. 2744.09(B) prevents the application of R.C. Chapter 2744 to a civil action by an employee against a political subdivision only for any matter that arises out of the employment relationship. * * * To [conclude otherwise] would frustrate the general statutory purpose of conferring immunity on political subdivisions. It would render meaningless R.C. 2744.02(B) and 2744.03(A)(2), which provide the exceptions and defenses to immunity for intentional acts committed by an employee of a political subdivision. Moreover, it would require the rejection of a line of Ohio appellate cases that have consistently held political subdivisions immune from intentional-tort claims." Id. at *4–5.

{¶ 18} We are mindful of the Ohio Supreme Court's decision in *Penn Traffic Co. v. AIU Ins. Co.*, 99 Ohio St.3d 227, 2003-Ohio-3373, 790 N.E.2d 1199, but find that it does not overrule *Brady.* In *Penn,* the Supreme Court held that "[a]lthough an employer intentional tort occurs outside the employment relationship for purposes of recognizing a common-law cause of action for intentional tort, the injury itself must arise out of or in the course of employment; otherwise, there can be employer intentional tort." Id. at ¶ 40. However, the Supreme Court "took care to specifically limit its holding in *Penn Traffic* to situations involving the applicability of recovery under a private insurance policy. Therefore, *Brady* remains good law." *Thayer,* 2004-Ohio-3921, 2004 WL 1662198, ¶ 17 (internal citations omitted). See also *Kohler v. Wapakoneta* (N.D.Ohio 2005), 381 F.Supp.2d 692.

{¶ 19} We therefore find the reasoning in *Engleman* persuasive and hold that R.C. 2744.09(B) does not except an employer-intentional-tort claim from the general grant of immunity granted to a political subdivision under R.C. Chapter 2744. See also *Ellithorp,* Summit App. No. 18029, 1997 WL 416333; *Sabulsky,* 2002-Ohio-7275, 2002 WL 31886686; *Terry,* 151 Ohio App.3d 234, 2002-Ohio-7299, 783 N.E.2d 959; and *Coats,* 2007-Ohio-761, 2007 WL 549462. But see, *Nagel v. Horner,* Scioto App. No. 04CA2975, 2005-Ohio-3574, 833 N.E.2d 300; and *Marcum v. Rice* (July 20, 1999), Franklin App. Nos. 98AP717, 98AP718, 98AP719, and 98AP721, 1999 WL 513813.

■ {¶ 20} We now turn to R.C. 2744.09(C). In *Fabian,* the Seventh Appellate District was asked to determine whether an employer intentional tort was exempted from immunity under R.C. Chapter 2744 by R.C. 2744.09(C). *Fabian,* Jefferson App. No. 00 JE 33, 2001 WL 1199061. The appellate court noted that the language of R.C. 2744.09(C) tracks the language in the Ohio Public Employees Collective Bargaining Act, R.C. Chapter 4117, which covers all subjects that

" 'affect wages, hours, terms and conditions of employment.' " Id. at *4. Applying R.C. 1.42 ("[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly"), the appellate court found that "[b]oth the language of [R.C. 2744.09(C) ] and [prior] court decisions make clear that the term 'conditions of employment' refers to the conditions an employee must meet to maintain employment, not the conditions an employee works within." Id.

{¶ 21} We find the reasoning in *Fabian* persuasive and hold that R.C. 2744.09(C) does not except an employer-intentional-tort claim from the general grant of immunity granted to a political subdivision under R.C. Chapter 2744. See also *Terry,* 151 Ohio App.3d 234, 783 N.E.2d 959; *Dolis v. City of Tallmadge,* 2004-Ohio-4454, 2004 WL 1885348; and *Coolidge v. Riegle,* Hancock App. No. 5–02–59, 2004-Ohio-347, 2004 WL 170319.

{¶ 22} We therefore find that neither R.C. 2744.09(B) or (C) strips the city of its immunity under R.C. 2744.02 from appellant's intentional-tort claim.

{¶ 23} Finally, appellant argues that R.C. 2744.02 is unconstitutional because it violates Section 16, Article I of the Ohio Constitution, which provides for open access to the courts and for suits against the state. This argument has been rejected by several Ohio courts, including the Ohio Supreme Court. See *Fabrey v. McDonald Police Dept.* (1994), 70 Ohio St.3d 351, 639 N.E.2d 31; *Fahnbulleh v. Strahan* (1995), 73 Ohio St.3d 666, 653 N.E.2d 1186; *Terry,* 151 Ohio App.3d 234, 783 N.E.2d 959; *Dolis,* 2004-Ohio-4454, 2004 WL 1885348; and *Coolidge,* 2004-Ohio-347, 2004 WL 170319.

{¶ 24} Likewise, Ohio appellate courts have rejected appellant's argument that R.C. 2744.02 is unconstitutional because it violates the Equal Protection Clauses of the Ohio and United States Constitution. See *Dolis,* 2004-Ohio-4454, 2004 WL 1885348; *Fabian;* and *Coolidge,* 2004-Ohio-347, 2004 WL 170319. We find the reasoning and precedent of these cases to be persuasive.

{¶ 25} In light of all of the foregoing, we find that the trial court did not err by granting the city's summary-judgment motion against appellant on the ground that the city was immune under R.C. Chapter 2744 from appellant's employer-intentional-tort claim. Appellant's first assignment of error is overruled.

{¶ 26} Assignment of error No. 2:

{¶ 27} "The court erred in granting the city's motion for summary judgment as to the Bureau of Workers' Compensation."

{¶ 28} Appellant argues that the trial court erred by granting the city's motion for summary judgment against the bureau. Appellant asserts that even if the city is immune from liability under R.C. Chapter 2744, R.C. 4123.931,

specifically R.C. 4123.931(I)(2) and (3),[1] provides the bureau with an independent right of recovery and subrogates the bureau to appellant's rights against the city with respect to past, present, and estimated future payments of compensation and benefits. The bureau did not appeal the trial court's grant of summary judgment in favor of the city and against the bureau.

{¶ 29} We decline to address appellant's argument as we find that he lacks standing to appeal the grant of the city's summary-judgment motion against the bureau. It is well established that an appeal lies only on behalf of a party aggrieved by the final order appealed from. See *Midwest Fireworks Mfg. Co., Inc. v. Deerfield Twp. Bd. of Zoning Appeals* (2001), 91 Ohio St.3d 174, 743 N.E.2d 894. A party is aggrieved if it has an interest in the subject matter of the litigation that is "immediate and pecuniary" rather than "a remote consequence of the judgment." Id. at 177, 743 N.E.2d 894. To have standing to appeal, the person must be able to show he has a present interest in the subject matter of the litigation and that he has been prejudiced by the judgment of the lower court. See *Willoughby Hills v. C.C. Bar's Sahara, Inc.* (1992), 64 Ohio St.3d 24, 591 N.E.2d 1203. The party seeking to appeal bears the burden of establishing standing. See *Deutsche Bank Trust Co. v. Barksdale Williams*, 171 Ohio App.3d 230, 2007-Ohio-1838, 870 N.E.2d 232.

{¶ 30} The record shows that the city raised the issue of appellant's standing to appeal the grant of the city's summary-judgment motion against the bureau in its appellate brief. Yet although he filed a reply appellate brief, appellant did not respond to the argument at all. He has therefore failed to establish standing. In addition, while appellant may have an interest in the subject matter of the litigation (his workers' compensation claim), we fail to see how he was aggrieved by the decision of the trial court. Certainly, the trial court's decision granting the city's summary-judgment motion against the bureau did not impede appellant's ability to pursue his intentional-tort claim against the city on appeal.

{¶ 31} We therefore find that appellant lacks standing to appeal the trial court's decision granting the city's motion for summary judgment against the bureau. Appellant's second assignment of error is overruled.

Judgment affirmed.

WALSH, P.J., and POWELL, J., concur.

---

1. R.C. 4123.931(I) states that "[t]he statutory subrogation right of recovery applies to, but is not limited to * * * (2)[a]mounts that a claimant would be entitled to recover from a political subdivision, notwithstanding any limitations contained in [R.C.] Chapter 2744 * * *; (3)[a]mounts recoverable from an intentional tort action."