[Cite as *Peacock v. Peacock*, 2012-Ohio-5960.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

CARLA PEACOCK, et al.,                    :

    Plaintiffs-Appellants,             :          CASE NO.   CA2012-05-037

                                        :          O P I N I O N
  - vs -                                              12/17/2012

                                        :

STEVE PEACOCK,                            :

    Defendant-Appellee.                :


CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. CVH 02681


Thomas M. Tepe, 526 Wards Corner Road, Suite A, Loveland, Ohio 45140 and Kevin P. Jones, 8035 Hosbrook Road, Suite 200, Cincinnati, Ohio 45236, for plaintiffs-appellants

Robert G. Kelly, 4353 Montgomery Road, Norwood, Ohio 45212, for defendant-appellee


**RINGLAND, J.**

{¶ 1}   Plaintiffs-appellants, Carla Peacock and the estate of Dale Peacock, appeal a decision of the Clermont County Court of Common Pleas granting a motion for summary judgment in favor of defendant-appellee, Steve Peacock.

{¶ 2}   Appellee issued a check to his brother, Ronald D. "Dale" Peacock, in the amount of $25,000.  Carla Peacock averred that she and Dale deposited the check on Friday, October 15, 2010 after 5:00 P.M.  Dale Peacock subsequently died on Monday,

October 18, 2010. Appellee then called and stopped payment on the check. The funds were never paid from appellee's account to Dale Peacock.

{¶ 3}  An action was brought by Carla Peacock, individually, and as representative of the estate of Dale Peacock, asserting an ownership interest in the $25,000 represented by the check. Carla Peacock was dismissed as an individual plaintiff by entry dated September 27, 2011. The parties filed cross-motions for summary judgment. On May 4, 2012, the trial court denied appellant's motion and granted appellee's motion for summary judgment. The trial court found that Carla Peacock and the estate of Dale Peacock are not entitled to the $25,000 represented by the check from appellee to Dale Peacock.

{¶ 4}  Appellants now appeal the trial court's decision, raising a single assignment of error:

{¶ 5}  Assignment of Error No. 1:

{¶ 6}  THE TRIAL COURT ERRED IN RULING THAT THERE WAS NOT A COMPLETED GIFT

{¶ 7}  Within this assignment of error, appellants argue that the trial court erred in denying their motion for summary judgment and granting appellee's motion because all of the required elements of a gift were met when appellee gave Dale Peacock a check for $25,000. In turn, appellee argues that the element of delivery was not met as he retained authority and control over the monies at the time he cancelled payment on the check.

{¶ 8}  Initially, we note that this court reviews a trial court's ruling on a motion for summary judgment de novo. *PNC Mtge. v. Innis*, 12th Dist. No. CA2010-10-013, 2011-Ohio-5594, ¶ 7. Pursuant to Civ.R. 56(C), a trial court may grant summary judgment only when: (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to a conclusion which is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*,

54 Ohio St.2d 64, 66 (1978). The party moving for summary judgment bears the initial burden of demonstrating no genuine issue of material fact exists. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107. Once this burden is met, the nonmoving party must then present evidence to show that there is some issue of material fact yet remaining for the trial court to resolve. *Williams v. McFarland Properties, L.L.C.*, 177 Ohio App.3d 490, 2008-Ohio-3594, ¶ 7 (12th Dist.). In determining whether a genuine issue of material fact exists, the evidence must be construed in the nonmoving party's favor. *Touhey v. Ed's Tree & Turf, L.L.C.*, 194 Ohio App.3d 800, 2011-Ohio-3432, ¶ 7 (12th Dist.).

{¶ 9} An inter vivos gift is established when the following elements are present: (1) an intention on the part of the donor to transfer the title and right of possession to the donee, (2) delivery by the donor to the donee, (3) relinquishment of ownership, dominion, and control over the gift by the donor, and (4) acceptance by the donee. *Brate v. Hurt*, 174 Ohio App.3d 101, 2007-Ohio-6571, ¶ 21 (12th Dist.); *Bolles v. Toledo Trust Co.*, 132 Ohio St. 21, (1936).

{¶ 10} At issue in the present case is whether delivery was completed such that appellee relinquished ownership, dominion, and control over the gift. After reviewing the record, it is clear appellee retained control over the monies represented by the check. The fact that appellee was able to cancel payment on the check provides adequate proof itself that he had not relinquished control over the funds.

{¶ 11} Appellants contend that the once the check was given to Dale Peacock, the delivery element was complete. However, the mere "intention to give is not a gift, and so long as the gift is left incomplete a court of equity will not interfere and give effect to it." *Bolles v. Toledo Trust Co.*, 132 Ohio St. 21, 27 (1936). The check itself did not deliver unto Dale Peacock the $25,000, but rather it evidenced appellee's intention to give the $25,000 and grant the authority to draw the money. Unless and until that money was drawn, the check remained subject to being countermanded or revoked. *Simmons v. The Cincinnati*

*Savings Society*, 31 Ohio St. 457 (1877). So long as the check remained subject to revocation, appellee had not yet relinquished dominion and control over the funds it represented.

{¶ 12} In light of the foregoing, having found that appellee retained dominion and control over the funds represented by the check and that the gift was therefore not perfected, appellants' sole assignment of error is overruled.

{¶ 13} Judgment affirmed.


HENDRICKSON, P.J., and BRESSLER, J., concur.


Bressler, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.