[Cite as *First Fin. Bank v. Combs*, 2013-Ohio-4126.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

FIRST FINANCIAL BANK, :

    Plaintiff-Appellee, : CASE NO. CA2013-02-024

: O P I N I O N
- vs - 9/23/2013

:

COURTNEY E. COMBS, et al., :

    Defendants-Appellants. :

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2012-09-3384

Frost Brown Todd LLC, Douglas R. Dennis, Vincent E. Mauer, 3300 Great American Tower, 301 East Fourth Street, Cincinnati, Ohio 45202, for plaintiff-appellee

Norbert M. Doellman, Jr., P.O. Box 475, Hamilton, Ohio 45012, for defendants-appellants, Courtney E. & Carol S. Combs and Courtney E. Combs, Trustee

**RINGLAND, P.J.**

{¶ 1} Defendants-appellants, Courtney E. Combs, in both his individual capacity and as Trustee of an unnamed trust, and Carol S. Combs, appeal a decision of the Butler County Court of Common Pleas granting a motion for summary judgment in favor of plaintiff-appellee, First Financial Bank.

{¶ 2}   On February 16, 2012, First Financial Bank obtained a money judgment in the amount of $629,966.39 plus interest against Courtney E. Combs ("Combs") personally, Courtney E. Combs as Trustee of an unnamed trust, Robert M. Brown personally and Robert M. Brown also as Trustee of the same trust, and Bobcor, a General Partnership of Combs and Brown.  Brown has subsequently settled with First Financial Bank.

{¶ 3}   In addition, Courtney E. Combs, Trustee, had signed a Commercial Guaranty Agreement as Guarantor of a $20,000 promissory note executed by Combs personally.  That indebtedness was to come due on April 28, 2012.

{¶ 4}   On February 28, 2012, 12 days after First Financial Bank obtained the money judgment, Courtney E. Combs, Trustee, conveyed eight parcels of real estate collectively valued at $1,410,120, to his wife, Carol S. Combs, in consideration of love and affection.  On October 25, 2012, First Financial Bank filed a motion for summary judgment on the matured promissory note and the alleged fraudulent transfer of the real estate from Courtney E. Combs, Trustee, to Carol S. Combs.  On January 17, 2013, the trial court granted First Financial Bank's motion for summary judgment.

{¶ 5}   Combs, Carol S. Combs, and Courtney E. Combs, Trustee, now appeal that decision, raising a single assignment of error for our review.

{¶ 6}   Assignment of Error No. 1:

{¶ 7}   THE JUDGE IN THIS TRIAL COURT NEGLECTED TO CONSIDER THE AFFIDAVIT OF CAROL COMBS, THE AFFIDAVIT OF BILLY GUINIGUNDO, THE AFFIDAVIT [OF] COURTNEY E COMBS, AND DEFEDANTS' MEMORANDUM FILED IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.

{¶ 8}   Within this assignment of error, appellants argue the trial court erred in granting First Financial Bank's motion for summary judgment on the fraudulent transfer claim because the court failed to consider affidavits that created a material issue of fact as to whether the

transfer was fraudulent.

{¶ 9} This court's review of a trial court's ruling on a motion for summary judgment is de novo. *Grizinski v. Am. Express Fin. Advisors, Inc.*, 187 Ohio App.3d 393, 2010-Ohio-1945, ¶ 14 (12th Dist.). "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Morris v. Dobbins Nursing Home*, 12th Dist. Clermont No. CA2010-12-102, 2011-Ohio-3014, ¶ 14, citing *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383 (8th Dist.1997). Summary judgment is appropriate when there are no genuine issues of material fact to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *Williams v. McFarland Properties, L.L.C.*, 177 Ohio App.3d 490, 2008-Ohio-3594, ¶ 7 (12th Dist.).

{¶ 10} According to Ohio's Uniform Fraudulent Transfer Act, R.C. 1336.04:

> (A) A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor, whether the claim of the creditor arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation in either of the following ways:
>
> (1) With actual intent to hinder, delay, or defraud any creditor of the debtor;
>
> (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and if either of the following applies:
>
> (a) The debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction;
>
> (b) The debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

{¶ 11} Under R.C. 1336.04(B), in determining actual intent under division (A)(1), consideration may be given to all relevant factors, including, but not limited to, the following:

(1) Whether the transfer or obligation was to an insider;

(2) Whether the debtor retained possession or control of the property transferred after the transfer;

(3) * * *;

(4) Whether before the transfer was made or the obligation was incurred, the debtor had been sued or threatened with suit;

(5) Whether the transfer was of substantially all of the assets of the debtor;

(6) * * *;

(7) * * *;

(8) Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

(9) Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

(10) Whether the transfer occurred shortly before or shortly after a substantial debt was incurred;

(11) * * *.

{¶ 12} In addition, R.C. 1336.05 specifically addresses claims arising before the transfer or obligation occurred:

(A) A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

{¶ 13} Appellants argue that the transfer of the properties in question was not fraudulent, but rather was a preplanned conveyance the purpose of which was to create a

trust for the benefit of their children.[1]  Appellants submitted three affidavits in support of their opposition to the motion for summary judgment: (1) the affidavit of Carol Combs; (2) the affidavit of attorney Billy Guinigundo; and (3) the affidavit of Courtney E. Combs.

{¶ 14} The affidavit of Carol S. Combs states that she and Combs had been considering setting up a trust for their children for many years.  She stated that the timing of their decision to finally create the trust was merely coincidence as they "decided to just do it." The affidavit of Billy Guinigundo states that he had met with the Combs multiple times over a period greater than one year to discuss creating a trust for the benefit of the Combs' children.  Finally, the affidavit of Combs states that he is not personally insolvent and provides a personal financial statement in support of that proposition.

{¶ 15}  As stated above, Courtney E. Combs, Trustee, conveyed eight properties to his wife in consideration of love and affection on February 28, 2012.  This conveyance occurred 12 days after the money judgment discussed above was obtained against Courtney E. Combs, Trustee, among others.  The conveyance of those properties rendered Courtney E. Combs, Trustee, insolvent.  Combs admitted this in his September 17, 2012 deposition, wherein he acknowledged that he was not presently the trustee of a trust that held any assets.

{¶ 16} We find no merit in appellants' argument that the three affidavits discussed supra create a genuine issue of material fact.  First, in an action alleging that Courtney E. Combs, Trustee, fraudulently transferred property to Carol S. Combs, Combs' personal financial situation is irrelevant.  Courtney E. Combs, Trustee, was jointly and severally liable on the debt, and therefore is capable of fraudulently transferring property regardless of whether Combs is personally capable of satisfying the debt.  Second, it is irrelevant whether

---

1. This proposed family trust is not the same trust for which Combs was a Trustee when First Financial obtained judgment against Combs in his capacity as a Trustee.

the conveyance had been planned in advance. Under R.C. 1336.04(A)(2)(b), a transfer is fraudulent if the debtor made the transfer without receiving a reasonably equivalent value in exchange, and the debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due. Similarly, under R.C. 1336.05, a transfer is fraudulent if "the debtor made the transfer * * * without receiving a reasonably equivalent value in exchange for the transfer * * * and the * * * debtor became insolvent as a result of the transfer or obligation." Here, Courtney E. Combs, Trustee, conveyed all of the assets held by the trust in return for no financial value, with the knowledge that a significant debt had recently been incurred and another was on the horizon.

{¶ 17} In light of the foregoing, we agree with the trial court's holding that there were no issues of material fact to be determined regarding the fraudulent transfer. Therefore, we do not find that the trial court erred in granting summary judgment in favor of First Financial Bank. Accordingly, appellants' sole assignment of error is overruled.

{¶ 18} Judgment affirmed.

M. POWELL and FISCHER, JJ., concur.

Fischer, J., of the First Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.