OPINION
{¶ 1} Defendant-appellants, David Lewis and Southwestern Interiors, LLC ("Southwestern"), appeal the decision of the Butler County Court of Common Pleas to grant plaintiff-appellee, Corporate Interior Systems, Inc. ("CIS"), relief from judgment under Civ.R. 60(B), and the decision to find appellants in contempt of court. We affirm.
 {¶ 2} Lewis was hired as a Project Manager for appellee on October 26, 1998. As a project manager, his duties and responsibilities included assisting in supporting CIS's superintendents and employees in material ordering and equipment coordination; reviewing and cost-coding material invoices; changing order pricing and related coordination with field personnel; scheduling weekly activities for projects; and developing schedules and forecasts for manpower and equipment needs. He also had access to nonpublic information regarding clients.
 {¶ 3} While working for CIS, Lewis formed Southwestern, which provided the same types of services as those provided by CIS. Lewis then, while still working for CIS, allegedly began to compete with CIS for projects. Upon learning of Lewis' activities, CIS filed a complaint in the Butler County Court of Common Pleas alleging four counts: breach of the duty of loyalty; misappropriation of trade secrets; tortious interference with contractual and business relations; and unfair competition. In addition to damages, CIS also requested a preliminary injunction enjoining Lewis and Southwestern from soliciting and/or performing work for any entities that requested bids from CIS during the period of time Lewis was employed by CIS.
 {¶ 4} On November 21, 2002, the trial court entered a temporary restraining order ("TRO") against Lewis, stating "[Lewis and Southwestern are] restrained . . . from soliciting and/or performing work described in whole or part, or in any way related to, bids solicited from [CIS] by other entities during the sixth month period preceding [Lewis's] last day of employment with [CIS]."
 {¶ 5} A final hearing was scheduled, but the parties reached an out-of-court settlement agreement before the hearing took place. Subsequently, on June 15, 2003, CIS voluntary dismissed its complaint with prejudice and agreed that any pending injunctive orders were dissolved.
 {¶ 6} Some time after the TRO was dissolved, CIS obtained information causing it to conclude that Lewis and Southwestern had violated the TRO while it was still in effect. Consequently, on November 17, 2003, CIS filed a Civ.R. 60(B) motion for relief from judgment.
 {¶ 7} The trial court held an evidentiary hearing on the motion, and on May 20, 2004, granted CIS relief from judgment. The court found that CIS successfully proved all elements for a Civ.R. 60(B) motion: CIS established the existence of newly discovered evidence, qualifying for relief under Civ.R. 60(B)(1)-(5); CIS had a meritorious claim of a TRO violation; and the motion was made in a reasonable time.
 {¶ 8} Thus, the court granted CIS's relief from judgment and ordered CIS to prepare a final appealable order. However, pursuant to agreement by the parties, the trial court refrained from entering judgment on the Civ.R. 60(B) motion until after the court had issued a ruling on the merits of the case.
 {¶ 9} With the judgment dismissing the original action set aside, CIS filed a motion for contempt, alleging Lewis and Southwestern violated the TRO. The court held a hearing on the motion on September 14, 2004. During that hearing, the parties stipulated that the evidence for the contempt motion was the same as the evidence submitted for the Civ.R. 60(B) motion. On September 20, 2004, the trial court concluded that CIS was entitled to $38,000 in damages due to Lewis and Southwestern's breach of the TRO, and entered judgment accordingly. Lewis and Southwestern now appeal the trial court's decision to grant the Civ.R. 60(B) motion, and the judgment finding them in contempt. On appeal, they raise three assignments of error:
 {¶ 10} Assignment of Error No. 1:
 {¶ 11} "THE COURT ERRED IN GRANTING THE 60(B) MOTION BECAUSE IT IS NOT THE PROPER VEHICLE TO USE IN VACATING A FINAL JUDGMENT."
 {¶ 12} In the first assignment of error, appellants argue that a Civ.R. 60(B) motion cannot be used to obtain relief from a settlement agreement entered into by the parties to an action. In support of this argument, appellants rely on Bolen v. Young
(1982), 8 Ohio App.3d 36 and Bolster v. C M Services, Inc.
(1994), 93 Ohio App.3d 523 (holding a party cannot use a Civ.R. 60[B] motion when a settlement agreement is breached; instead, a new action for breach of contract must be filed). For the following reasons, appellants' contention is not well-taken.
 {¶ 13} When the trial court granted the Civ.R. 60(B) motion appellants could have immediately appealed that decision. Instead, appellants agreed to proceed to a hearing on the merits of the case. Accordingly, appellants invited the error.
 {¶ 14} Under the "invited error" doctrine, "[a] party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." Center RidgeGanley, Inc. v. Stinn (1987), 31 Ohio St.3d 310, 313.
 {¶ 15} If appellants would have prevailed on the merits, the case would have ended in their favor. They cannot now, after voluntarily agreeing to proceed to a hearing on the merits, complain that the Civ.R. 60(B) motion was not the proper procedural vehicle for getting to a hearing on the merits. Appellants' first assignment of error is overruled.
 {¶ 16} Assignment of Error No. 2:
 {¶ 17} "EVEN IF RULE 60(B) CAN BE USED TO VACATE A SETTLEMENT AGREEMENT, THE PROCEDURE USED IN THIS CASE WAS SO FLAWED THAT THE MOTION SHOULD NEITHER HAVE BEEN HEARD OR GRANTED BY THE COURT."
 {¶ 18} In their second assignment of error, appellants contend that the trial court erred by hearing CIS's Civ.R. 60 (B) motion because it lacked personal jurisdiction due to improper service of process. Specifically, appellants argue that while service was made upon their attorney of record at the time, it should have been made personally on Lewis.
 {¶ 19} We find that appellants' waived the defense of lack of service when they participated in the Civ.R. 60(B) hearing. SeeMaryhew v. Yova (1984), 11 Ohio St.3d 154 (holding certain affirmative acts by a defendant or a defendant's legal representative can constitute a waiver of a personal jurisdiction defense). Appellants raised the defense of insufficient service in their pleading captioned "Defendant's Response to Plaintiff's Motion For Default" to CIS's motion to set aside the judgment. They failed, however, to pursue that defense by requesting the court to dismiss the proceedings on the insufficiency of service grounds prior to the hearing on the Civ.R. 60(B) motion.
 {¶ 20} Appellants voluntarily proceeded to a hearing and defended on the merits of the case. See State ex rel. Lauri C v.Frank S (Aug 25, 2000), Erie App. No. E-99-017, and Goetz v.First Benefits Agency, Inc. (Oct. 15, 1997), Summit App. No. 18381 (holding that participating in proceedings with the aim of using the court's machinery to resolve the dispute binds the parties to the court); see, also, Litsinger Sign Co. v. AmericanSign Co. (1967), 11 Ohio St.2d 1. Accordingly, appellants waived the defense of insufficient service.
 {¶ 21} Appellants also contend under this assignment of error that the Civ.R. 60 (B) motion was improperly granted because the hearing on the motion took place after the court issued its decision on May 20, 2005.
 {¶ 22} Appellants apparently base this argument on the fact that the transcript of the Civ.R. 60(B) hearing prepared by the court reporter is dated July 22, 2004, nearly two months after the date that the trial court issued its ruling. However, the trial court's decision on the matter specifically states that it held a hearing regarding the motion on April 22, 2004. The transcript of docket entries also indicates that the hearing was held on April 22, 2004.
 {¶ 23} In light of the evidence in the record, we find that the date listed on the transcript is simply a typographical error, and that the Civ.R. 60(B) evidentiary hearing occurred on April 22, 2004, prior to the court's decision. Appellants' second assignment of error is overruled.
 {¶ 24} Assignment of Error No. 3:
 {¶ 25} "PLAINTIFF HAS NOT MET ITS BURDEN IN DEMONSTRATING THAT IT IS ENTITLED TO RELIEF UNDER RULE 60(B), THE SETTLEMENT AGREEMENT IS STILL ENFORCEABLE BECAUSE IT WAS ERRONEOUSLY VACATED, AND DEFENDANTS CANNOT BE HELD IN CONTEMPT."
 {¶ 26} In their final assignment of error, appellants argue that CIS failed to meet the burden of proof required for a Civ.R. 60(B) motion. We disagree.
 {¶ 27} Civ.R. 60(B) states:
 {¶ 28} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."
 {¶ 29} A trial court has discretion in determining whether to grant a Civ.R. 60(B) motion for relief from judgment. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17. Thus, a trial court's decision will not be reversed on appeal absent a showing of abuse of discretion. Doddridge v. Fitzpatrick (1978),53 Ohio St.2d 9. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. See Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 30} In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate that: (1) he has a meritorious claim or defense; (2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. GTE Automatic Electric, Inc. v. ARC Industries
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If any of these three requirements is not met, the motion should be overruled. Svoboda v. Brunswick (1983), 6 Ohio St.3d 348.
 {¶ 31} CIS had a meritorious claim, evidenced by the fact that it prevailed at the contempt hearing in September 2004. Additionally, at the Civ.R. 60(B) evidentiary hearing, CIS presented evidence that it was entitled to relief under Civ.R. 60(B)(2) and (3) based on newly-discovered evidence that appellant violated the TRO before it was dissolved.
 {¶ 32} Lewis testified that he submitted a competing bid on June 9, 2003, prior to the termination of the TRO on June 15, 2003, and that he was subsequently awarded the contract. Furthermore, one of CIS's owners testified that Lewis, on behalf of Southwestern, submitted a competing bid prior to the termination of the TRO. The owner further testified that CIS did not discover the competing bid until September 2003, after the TRO was dissolved.
 {¶ 33} Finally, CIS filed their Civ.R. 60(B) motion two months after discovering the new evidence and four months after the original complaint was voluntarily dismissed. The trial court found this to be within a reasonable time. We agree.
 {¶ 34} Based upon the foregoing, we conclude that the trial court did not abuse its discretion in concluding that CIS was entitled to relief from judgment pursuant to Civ.R. 60(B). Appellants' third and final assignment of error is overruled.
 {¶ 35} Judgment affirmed.
Powell, P.J., and Young, J., concur.