OPINION {¶ 1} Defendant-appellant, Dennis Fitzwater, appeals the decision of the Preble County Court of Common Pleas denying his Civ.R. 60(B) motion. We affirm the common pleas court's decision.
 {¶ 2} In November 2003, Fitzwater filed a complaint against defendant-appellee, Todd Woodruff, alleging that Woodruff failed to deliver the title of a tractor-trailer to him pursuant to the terms of a purchase agreement. Woodruff filed a counterclaim against Fitzwater for damages, alleging that Fitzwater failed to properly maintain the tractor-trailer as required by a lease agreement between the parties.
 {¶ 3} After a trial in February 2005, the court ruled that Fitzwater owed Woodruff one more monthly payment pursuant to the parties' purchase agreement. The court ordered Woodruff to deliver the title to Fitzwater upon receipt of Fitzwater's final payment. The court also found that Fitzwater had failed to properly maintain the tractor-trailer pursuant to a lease between the parties. The court ordered Fitzwater to pay Woodruff $11,980, representing the cost of overhauling the engine and replacing the tires.
 {¶ 4} Fitzwater subsequently filed a Civ.R. 60(B) motion to vacate the common pleas court's judgment. In support of that motion, Fitzwater argued that Woodruff's trial counsel had a conflict of interest because he had represented Fitzwater in another matter involving the tractor-trailer during the term of the lease in question. According to Fitzwater, Woodruff's attorney utilized information acquired during the course of his representation of Fitzwater to prove Woodruff's counterclaim.
 {¶ 5} The matter in which Woodruff's attorney represented Fitzwater was a dispute between Fitzwater and a mechanic concerning repairs made to the tractor-trailer following an accident. Woodruff's trial counsel filed a complaint on Fitzwater's behalf in July 1999, alleging that the mechanic's repairs were faulty. According to the testimony of Woodruff's attorney at the hearing on Fitzwater's Civ.R. 60(B) motion, the list of repairs made by the mechanic included replacing the hood, grill, front bumper, headlight assemblies, left axle stop, fuel tank, cab window, cab locker panel, and other items not involving the engine or the tires. An agreed judgment entry in Fitzwater's favor was filed in February 2001.[1]
 {¶ 6} Having held a hearing in November 2005, the common pleas court denied Fitzwater's Civ.R. 60(B) motion. Fitzwater now appeals, assigning one error as follows:
 {¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE PLAINTIFF-APPELLANT'S MOTION UNDER CIVIL RULE OF PROCEDURE 60(B)."
 {¶ 8} Fitzwater argues that the common pleas court should have granted his Civ.R. 60(B) motion due to the conflict of interest of Woodruff's attorney. According to Fitzwater, Woodruff's attorney had access to facts regarding the condition of the tractor-trailer during the term of the lease that helped Woodruff prove his counterclaim. Fitzwater also argues that the common pleas court erred in not considering "any of the requisite elements for obtaining Civ.R. 60(B) relief."
 {¶ 9} A trial court has ample discretion in ruling on a Civ.R. 60(B) motion to vacate a judgment. Corporate Interior Sys., Inc. v.Lewis, Butler App. No. CA2004-10-269, 2005-Ohio-6685, ¶ 29, citingRose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17. We will not reverse a trial court's decision regarding a Civ.R. 60(B) motion absent an abuse of that discretion. Veidt v. Cook, Butler App. No. CA2003-08-209, 2004-Ohio-3170, ¶ 14, citing Strack v. Pelton,70 Ohio St.3d 172, 174, 1994-Ohio-107.
 {¶ 10} In order to prevail on a Civ.R. 60(B) motion, the movant must demonstrate (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) that the movant filed the motion within a reasonable time. Cuyahoga Support Enforcement Agency v.Guthrie, 84 Ohio St.3d 437, 440, 1999-Ohio-362, citing GTE AutomaticElec, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The movant fails to fulfill the test by not meeting any one of the requirements. Strack, 70 Ohio St.3d at 174,1994-Ohio-107, citing GTE at 151.
 {¶ 11} We first address Fitzwater's argument regarding the common pleas court's alleged failure to consider the above three elements necessary for obtaining Civ.R. 60(B) relief. Fitzwater asserts that the court's journal entry does not reflect consideration of any of the elements. According to Fitzwater, such a lack of consideration amounts to an abuse of discretion.
 {¶ 12} We disagree with Fitzwater's argument. As Fitzwater asserts, the court's journal entry does not specifically indicate consideration of the three elements set forth in GTE. The entry simply states that Fitzwater's Civ.R. 60(B) motion is "not well taken under the circumstances of this case." However, the court stated at the conclusion of the hearing that Fitzwater did not have a meritorious defense. Immediately after that statement, the court indicated that it was not going to grant Fitzwater's Civ.R. 60(B) motion. As noted above, a Civ.R. 60(B) motion fails if the movant does not meet one of the required elements. Based on the court's statements at the hearing regarding the meritorious defense element, we find it apparent that the court considered the required elements in reaching its decision.
 {¶ 13} We now address Fitzwater's argument regarding the merits of his Civ.R. 60(B) motion. Despite the conduct of Woodruffs attorney, we do not find that Fitzwater demonstrated a meritorious defense as required by the first GTE element. Fitzwater did not argue in his motion or at the hearing that he had a meritorious defense to Woodruff's counterclaim. The lease clearly indicated that Fitzwater was responsible for the repairs and maintenance costs of the tractor-trailer. Fitzwater did not set forth facts indicating that he properly maintained and repaired the tractor-trailer, or that he was somehow relieved of that obligation under the lease.
 {¶ 14} Fitzwater relies heavily on his assertion that Woodruff's attorney violated two disciplinary rules contained in the Code of Professional Responsibility: DR 4-101 and DR 5-101. DR 4-101 prohibits an attorney from revealing a client's confidences. DR 5-101 prohibits an attorney from accepting employment if the attorney's professional judgment will or reasonably may be affected by the attorney's financial, business, property, or personal interests. Fitzwater also raises Ethical Consideration 9-6, which sets forth a duty to avoid the appearance of impropriety.
 {¶ 15} We do not condone the conduct of Woodruffs attorney. Nevertheless, we find that Fitzwater failed to demonstrate how the conduct of Woodruff's attorney prevented him from raising a meritorious defense to Woodruff's counterclaim. Fitzwater failed to demonstrate that he would have had a meritorious defense had Woodruff's attorney not participated in the case.[2] As stated above, Fitzwater did not assert that he properly maintained the tractor-trailer in accordance with the lease, or that he was relieved of that obligation. As to the alleged disciplinary violations themselves, they are not defenses upon which the common pleas court could rule. See Garwood v. Johnson (Apr. 15, 1994), Lucas App. No. L93-031, 1994 WL 138434, *5. Jurisdiction to rule on alleged disciplinary violations lies exclusively with the Ohio Supreme Court. See Fred Siegel Co., L.P.A. v. Arter Hadden, 85 Ohio St.3d 171,178, 1999-Ohio-260.
 {¶ 16} Based on the above analysis, we overrule Fitzwater's sole assignment of error. Despite Fitzwater's argument regarding the alleged disciplinary violations, he did not meet the standard for vacating a judgment. Because Fitzwater did not demonstrate a meritorious defense either in his Civ.R. 60(B) motion or at the hearing, we find no abuse of discretion by the common pleas court in denying Fitzwater's motion.
 {¶ 17} Judgment affirmed.
YOUNG, J., concurs.
WALSH, J., dissents without written opinion.
[1] Fitzwater asserts in his reply brief that Woodruffs attorney technically represented both Woodruff and Fitzwater simultaneously because he never finalized billing matters with Fitzwater. However, the record does not conclusively support that assertion. According to an affidavit filed by Fitzwater in support of his Civ.R. 60(B) motion, Woodruffs attorney informed Fitzwater in July 2001 that he would review the file and refund any amount remaining from a retainer paid by Fitzwater. Fitzwater stated in the affidavit that no further communication occurred. In his memorandum opposing Fitzwater's Civ.R. 60(B) motion, Woodruffs attorney asserted that he reviewed the file and found no refund due to Fitzwater. In May 2004, Woodruffs attorney appeared representing Woodruff in the above-captioned case.
[2] It is apparent that Woodruff would have filed his counterclaim even if his trial counsel had not participated. The counterclaim was filed by another attorney, whom Woodruff's trial counsel subsequently replaced.