[Cite as *Williams v. McFarland Properties*, 2013-Ohio-1384.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

JOHN WILLIAMS, SR., et al.,           :

      Plaintiffs-Appellants,           :

  - vs -

McFARLAND PROPERTIES, et al.,         :

      Defendants-Appellees.            :

CASE NO. CA2012-09-187

O P I N I O N
4/8/2013

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2005-09-3061

Timothy R. Evans and Clayton G. Napier, 29 North D Street, Hamilton, Ohio 45013, for plaintiffs-appellants

Freund, Freeze & Arnold, Gordon D. Arnold, One Dayton Centre, Suite 1800, 1 South Main Street, Dayton, Ohio 45402, for defendants McFarland Properties, David McFarland, Griffin M. McFarland

Mike DeWine, Ohio Attorney General, 30 East Broad Street, Columbus, Ohio 43215, for Defendant Workers' Compensation

Dinsmore & Shohl LLP, Gary E. Becker and Robert M. Zimmerman, 1900 First Financial Center, 225 East Fifth Street, Cincinnati, Ohio 45202, for defendant-appellee, City of Hamilton

**M. POWELL, J.**

{¶ 1} Plaintiff-appellant, John Williams, Sr., appeals from a decision in the Butler

County Court of Common Pleas denying his motion for relief from summary judgment that the court entered in favor of defendant-appellee, the city of Hamilton ("city"). For the reasons outlined below, we affirm.

{¶ 2} Williams worked as a lineman for the city's electric distribution department. On September 27, 2004, Williams was injured while attempting to repair a downed electrical transformer located at University Boulevard and Lincoln Avenue in Hamilton. As a consequence, Williams filed suit against the city and several other parties on September 22, 2005. Among his claims, Williams asserted that the city had committed an intentional tort against him. The city moved for summary judgment, claiming that it was entitled to immunity on the basis of R.C. Chapter 2744 which addresses the tort liability of political subdivisions.

{¶ 3} On August 23, 2007, the trial court rendered summary judgment in favor of the city. Generally, political subdivisions are immune from liability, subject to some exceptions. Williams alleged that an exception to immunity for intentional tort claims was provided by R.C. 2744.09(B). However, the trial court held that R.C. 2744.09(B) does not apply to intentional tort claims and found that the city was immune from Williams' suit. Williams appealed the trial court's determination to this court in 2008, whereby we affirmed the decision of the trial court granting summary judgment to the city. *See Williams v. McFarland Properties, L.L.C.*, 177 Ohio App.3d 490, 2008-Ohio-3594 (12th Dist.). Williams then appealed to the Ohio Supreme Court, which declined to accept jurisdiction on December 3, 2008. *See Williams v. McFarland Properties, L.L.C.*, 120 Ohio St.3d 1421, 2008-Ohio-6166.

{¶ 4} Subsequently, in 2012, the Ohio Supreme Court held in *Sampson v. Cuyahoga Metro. Hous. Auth.*, 131 Ohio St.3d 418, 2012-Ohio-570, that R.C. 2744.09(B) applies to intentional tort claims made by political subdivision employees when there is a causal connection between claims raised by an employee and the employment relationship. Based on this decision, on June 18, 2012, Williams moved for relief from summary judgment. The

trial court denied Williams' motion, finding that Williams was not entitled to relief because *Sampson* represented a change in decisional law and overturned "a long-standing principle that political subdivisions were immune from liability based upon intentional torts." Williams now appeals, and asserts one assignment of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE COURT ERRED IN DENYING [WILLIAMS'] MOTION FOR RELIEF FROM JUDGMENT[.]

{¶ 7} Williams argues that the trial court erred in denying his motion for relief from judgment because the Ohio Supreme Court recently articulated law that allows political subdivisions to be sued by their employees under an intentional tort theory. As a consequence of this decision, Williams argues that he is entitled to relief under Civ.R. 60(B)(5). We disagree.

{¶ 8} In Williams' specific argument, he contends that *Sampson* merely articulated the law already in existence regarding political subdivision immunity and did not overrule prior case precedent. As discussed more fully below, *Sampson* represents a change in decisional law, and as such, may not serve as the basis of Civ.R. 60(B) relief. Consequently, we reject this argument.

{¶ 9} An appellate court will not disturb a trial court's decision regarding a Civ.R. 60(B) motion absent a showing of an abuse of discretion. *Veidt v. Cook*, 12th Dist. No. CA2003-08-209, 2004-Ohio-3170, ¶ 14, citing *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). An abuse of discretion occurs when the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 10} Civ.R. 60(B) provides in part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake,

- 3 -

inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." *GTE Automatic Elec., Inc. v. ARC Industries., Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. The moving party fails the test by not meeting any one of the above requirements. *Fitzwater v. Woodruff*, 12th Dist. No. CA2006-01-001, 2006-Ohio-7040, ¶ 10; *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988).

{¶ 11} We find that Williams is not entitled to relief under Civ.R. 60(B)(5) as he asserts.[1] The Ohio Supreme Court has expressly stated that a change in decisional law in an unrelated proceeding does not entitle a party to relief from a final judgment under Civ.R. 60(B). *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128 (1986), paragraph one of the syllabus. The purpose for such a holding is "the strong interest in the finality of judgments." *Doe* at 131. To allow reopening would undermine the stability of final judgments. *Id.*

{¶ 12} In this case, the initial judgment was supported by case law in numerous appellate districts interpreting the Ohio Supreme Court case, *Brady v. Safety-Kleen Corp.*, 61

---

1. We also note that Williams is not entitled to relief under Civ.R. 60(B)(4) because "it is well-settled that relief under Civ.R. 60(B)(4), '* * * is limited to cases in which the present judgment is based on the prior judgment in the sense of res judicata or collateral estoppel. It does not apply merely because a case relied on as precedent by the court in rendering the present judgment has since been reversed.'" *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128 (1986), fn. 2, quoting Wright & Miller, *Federal Practice and Procedure*, Section 2863, at 204 (1973).

- 4 -

Ohio St.3d 624 (1991), that stated intentional torts necessarily occur outside of the employment relationship. These districts explicitly held that R.C. 2744.09(B) does not except an employer-intentional-tort claim from the general grant of immunity given to a political subdivision under R.C. Chapter 2744. *See, e.g.*, *Schmitz v. Xenia Bd. of Edn.*, 2d Dist. No. 2002-CA-69, 2003-Ohio-213; *Fabian v. City of Steubenville*, 7th Dist. No. 00 JE 33, 2001 WL 1199061 (Sept. 28, 2001); *Engleman v. Cincinnati Bd. of Edn.*, 1st Dist. No. C-000597, 2001 WL 705575 (June 22, 2001); *Terry v. Ottawa Cty. Bd. of Mental Retardation & Dev. Disabilities*, 151 Ohio App.3d 234, 2002-Ohio-7299 (6th Dist.); *Ellithorp v. Barberton City School Dist. Bd. of Edn.*, 9th Dist. No. 18029, 1997 WL 416333 (July 9, 1997); *Coats v. Columbus*, 10th Dist. No. 06AP-681, 2007-Ohio-761; *Sabulsky v. Trumbull Cty.*, 11th Dist. No. 2001-T-0084, 2002-Ohio-7275. Additionally, a final judgment was rendered, it was affirmed on appeal, and jurisdiction was declined by the Ohio Supreme Court. This scenario clearly points to a change in decisional law. In any event, to allow relief under Civ.R. 60(B) in this instance would undermine the integrity of final judgments. Consequently, we cannot say the trial court abused its discretion by denying Williams' Civ.R. 60(B) motion. Williams' sole assignment of error is overruled.

**{¶ 13}** Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.