[Cite as *Needham v. Jones*, 2013-Ohio-2965.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| ASHLEY NEEDHAM, et al., | : | CASE NO. CA2012-07-135 |
| Plaintiffs-Appellees, | : | |
| | : | O P I N I O N<br>7/8/2013 |
| - vs - | : | |
| | : | |
| DONALD JONES d.b.a.<br>WE SELL AUTO SALES, | : | |
| | : | |
| Defendant-Appellant. | : | |
| | : | |


CIVIL APPEAL FROM MIDDLETOWN MUNICIPAL COURT
Case No. 2009-CVF-00436


Joseph R. Matejkovic, 8050 Beckett Center Drive, Suite 214, West Chester, Ohio 45069-5018, for plaintiffs-appellees

Gregory Peck, 3426 Indian Creek Road, Oxford, Ohio 45056, for defendant-appellant


**S. POWELL, J.**

{¶ 1} Defendant-appellant, Donald Jones d.b.a. We Sell Auto Sales, appeals from the decision of Middletown Municipal Court awarding default judgment to plaintiffs-appellees, Ashley and Charles Needham. For the reasons outlined below, we affirm.

{¶ 2} In June of 2008, Ashley, with the help of her grandfather, Charles (collectively, the "Needhams"), engaged the services of We Sell Auto Sales ("We Sell Auto") to install a

new engine in her 1996 Dodge Intrepid for $600. Upon retrieving the vehicle from the shop, Ashley experienced significant problems with its operation. Subsequent attempts to fix the vehicle proved futile, and the vehicle was ultimately deemed a total loss.

{¶ 3} On January 21, 2009, Ashley filed a complaint against We Sell Auto alleging a breach of contract, negligence, fraud, and a violation of Ohio's Consumer Sales Practices Act. The complaint, however, did not name Charles as an additional plaintiff.

{¶ 4} On February 3, 2009, service was perfected on We Sell Auto by certified mail. On March 2, 2009, counsel for We Sell Auto entered an appearance. However, although an answer was due the following day, We Sell Auto did not file its answer until nine days later, March 12, 2009. We Sell Auto then filed a motion to dismiss on April 1, 2009. As part of its motion to dismiss, We Sell Auto argued that Ashley did not have standing to pursue her claims as she was not a party to the contract – a designation that belonged to Charles. In response, on April 8, 2009, an amended complaint was filed adding Charles as an additional plaintiff, thereby rendering We Sell Auto's motion to dismiss moot. No answer to the amended complaint was ever filed.

{¶ 5} On May 21, 2009, the Needhams filed a motion to compel discovery first requested on April 6, 2009. Several months later, on September 1, 2009, We Sell Auto finally provided its answers and objections to the previously submitted discovery requests. As part of its discovery responses, We Sell Auto identified Donald Jones as its sole proprietor.

{¶ 6} On September 4, 2009, the Needhams filed another amended complaint naming "Donald Jones dba We Sell Auto Sales" as the proper party defendant. Service of the Needhams' second amended complaint was subsequently perfected on September 11, 2009. No answer to the second amended complaint was ever filed.

{¶ 7} On October 26, 2009, the Needhams withdrew their motion to compel.

Therefore, having received no additional filings, on January 22, 2010, the trial court issued a notice of intent to dismiss the matter if no action was taken within ten days. In response, the Needhams filed a motion for default judgment. Jones did not file any response to the Needhams' motion for default judgment, nor did he file a motion for leave to file an answer out of time under Civ.R. 6(B).

{¶ 8} On March 5, 2010, a hearing before a magistrate was conducted on the Needhams' motion for default judgment. Following this hearing, the magistrate issued a decision granting the motion. In so holding, the magistrate explicitly found "incontrovertible evidence that the first AND second amended complaints were filed and served on counsel. Neither was answered." The magistrate's decision also contained the following notice in bold, capital lettering:

> A PARTY SHALL NOT ASSIGN AS ERROR ON APPEAL THE COURT'S ADOPTION OF ANY FINDING OF FACT OR CONCLUSION OF LAW IN THAT DECISION UNLESS THE PARTY TIMELY AND SPECIFICALLY OBJECTS TO THAT FINDING OR CONCLUSION AS REQUIRED BY CIV.R. 53(D)(3).

Despite this explicit notice, no objections to the magistrate's decision were ever filed.

{¶ 9} On May 17, 2010, the trial court issued an entry affirming the magistrate's decision awarding default judgment to the Needhams. Jones did not appeal from the trial court's decision.

{¶ 10} Over four months later, on October 1, 2010, the Needhams filed a motion requesting a debtor examination of Jones. The debtor examination was conducted on December 7, 2010. Jones appeared at the debtor examination with counsel.

{¶ 11} On March 1, 2011, the Needhams filed two notices of garnishment against Jones. However, on March 15, 2011, Jones requested a hearing on the garnishments claiming that he "never had [his] day in court." Jones then filed a motion for stay of

proceedings to enforce judgment "until a hearing under Civ.R. 60(B) is heard by the court." A hearing before the magistrate on the motion was scheduled for April 5, 2011. Neither Jones nor his counsel appeared at the hearing.

{¶ 12} The magistrate subsequently issued a decision denying Jones' motion for a stay on April 18, 2011. As part of its decision, the magistrate correctly determined that "as of the date of this hearing, no Rule 60(B) motion has been filed. Therefore, the motion for a stay is denied as there is no Motion for Relief from Judgment pending." Jones never filed any objections to the magistrate's decision denying his motion.

{¶ 13} Nearly one month later, on May 13, 2011, Jones filed a motion for relief from judgment under Civ.R. 60(B). In support of his motion, Jones argued that relief should be granted since:

> [D]efense counsel was distracted by several home emergencies in December 2009 and January 2010 and a trial date was not set. These were a hot water heater failure, loss of the furnace. In addition, counsel lives at the top of a hill and heavy snows in throughout late December and through January 2010 had to be cleared several times before counsel could leave his house.

Jones also argued that relief should be granted since "[c]ounsel for the defendant has practiced mainly in the criminal law area."

{¶ 14} A hearing on the motion for relief from judgment was conducted before the magistrate on June 23, 2011. Following this hearing, the magistrate issued a decision on June 27, 2011 denying Jones' motion by finding the following:

> Defendant states the due to problems at defendant counsel's home during the winter of 2009/2010, counsel was not able to respond to the pleadings filed by plaintiff.
>
> The record does not support this claim. After several promptings, a motion for default was filed by the plaintiff. A hearing was set. At that hearing, defendant could have requested leave to file a response to the amended complaint. He did not. Defendant also could have presented evidence by way of witnesses or other testimony (affidavits setting out some

defense). He did not.

\* \* \*

Even after the judgment was entered, defendant had the opportunity to object to the Magistrate's decision or in the alternative file a notice of appeal. He did neither.

The documents supplied with the motion for relief set out the same issues as before, but do not address a meritorious defense; allege new evidence; claim fraud; allege payment or any other grounds that justify relief from the judgment.

The requirements for relief from judgment having not been met, I find the motion not well taken and it is denied.

{¶ 15} On August 10, Jones filed objections to the magistrate's decision denying his motion for relief from judgment. Following a hearing on his objections, on December 8, 2011, the trial court issued an entry affirming and adopting the magistrate's decision denying Jones' motion. However, in doing so, the trial court misstated the amount of the original judgment awarded to the Needhams. The trial court again misstated the amount of the original judgment awarded to the Needhams in a January 19, 2012 entry. Finally, on June 8, 2012, after holding a hearing on the matter, the trial court issued an amended order that included the correct amount of the original judgment awarded to the Needhams.

{¶ 16} Jones now appeals, raising two assignments of error for review. For ease of discussion, Jones' two assignments of error will be addressed together.

{¶ 17} Assignment of Error No. 1:

{¶ 18} THE TRIAL COURT ERRED IN GRANTING THE PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT WHEN THE DEFENDANT HAD ANSWERED THE COMPLAINT.

{¶ 19} Assignment of Error No. 2:

{¶ 20} THE LOWER COURT ERRED IN GRANTING THE PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT WHEN THE DEFENDANT HAD 'OTHERWISE DEFENDED' AS PROVIDED BY CIV.R. 55(A) BY FILING A MOTION FOR A COUNTERCLAIM AND A

MOTION TO DISMISS.

{¶ 21} In his two assignments of error, Jones makes no reference to the trial court's decision overruling his objections to the magistrate's decision denying his Civ.R. 60(B) motion for relief from judgment. Instead, Jones argues that the trial court erred in its decision granting the Needhams' motion for default judgment issued on May 17, 2010. However, pursuant to App.R. 4(A), a notice of appeal must be filed within 30 days of the entry of the judgment or order sought to be appealed. Jones filed his notice of appeal on July 18, 2012, some 793 days after the trial court issued its decision granting the Needhams' motion for default judgment. Therefore, Jones' attempt to appeal from the trial court's May 17, 2010 decision is clearly untimely. *See, e.g., HSBC Mtge. v. Ballard*, 12th Dist. No. CA2011-05-088, 2012-Ohio-2251, ¶ 6.

{¶ 22} Furthermore, even if Jones had filed a timely notice of appeal, Jones never filed any objections to the magistrate's decision granting the Needhams' motion for default judgment. By failing to file any objections to the magistrate's decision, a requirement for which he was explicitly informed, Jones has effectively waived any such error on appeal. *See* Civ.R. 53(D)(3)(b)(iv); *see, e.g., Vilardo v. Sheets*, 12th Dist. No. CA2005-09-091, 2006-Ohio-3473, ¶ 14 (finding appellant "waived the right to assign as error on appeal the trial court's adoption of any finding of fact or conclusion of law" where he failed to enter objections to the magistrate's decision).

{¶ 23} Regardless, even if this appeal were timely, which it is not, and even if Jones had properly preserved these issues on appeal, which he did not, we find no error in the trial court's decision to award a default judgment to the Needhams.

{¶ 24} Pursuant to Civ.R. 55(A), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court

therefor[.]"  In other words, "[d]efault judgment may be awarded when a defendant fails to make an appearance by filing an answer or otherwise defending an action."  *Davis v. Immediate Med. Serv., Inc.*, 80 Ohio St.3d 10, 14 (1997).  This court "reviews a trial court's decision to grant or deny a motion for default judgment under an abuse of discretion standard."  *Nix v. Robertson*, 12th Dist. No. CA2012-08-157, 2013-Ohio-777, ¶ 9.

**{¶ 25}** Here, Jones argues that entering a default judgment against him was in error because he actually did file an answer to the original complaint, as well as a counterclaim and a motion to dismiss.[1]  However, although both an answer and a motion to dismiss were filed in response to the original January 21, 2009 complaint, it is undisputed that Jones never filed an answer to the Needhams' first and second amended complaints filed April 8, 2009 and September 4, 2009, respectively.  In fact, Jones never even requested an extension to file an answer as provided by Civ.R. 6(B), which allows for an extension of time to file a late pleading upon motion "where the failure to act was the result of excusable neglect[.]"  It was therefore proper for the Needhams' to move for a default judgment.  *See, e.g., State ex rel. Doe v. Register*, 12th Dist. No. CA2008-08-081, 2009-Ohio-2448, ¶ 11 (stating where respondents failed to answer relator's amended complaint within the allotted time that "[r]elator properly moved for default judgment").

**{¶ 26}** Furthermore, while Jones claims to have filed a counterclaim in this matter, a thorough review of the record reveals nothing of the sort.  While the caption on the answer reads "Answer and Counterclaim," Jones failed to provide any allegations evidencing his intent to assert a counterclaim therein.  For Jones to claim otherwise is simply false and a mischaracterization of the record before this court.

---

1. Jones claims that he filed an answer to the Needhams' complaint on September 1, 2009.  However, based on a simple review of the record, this filing was not an answer to the Needhams' complaint, but rather, Jones' answers and objections to the Needhams' discovery requests originally served on April 6, 2009.

{¶ 27} As noted by the Ohio Supreme Court, "[a] defendant's right to force a plaintiff to prove his or her claim depends upon the defendant's compliance with the Civil Rules and the timely filing of an answer to the complaint. Otherwise, the sanctions for noncompliance would lose their deterrent effect." *Davis*, 80 Ohio St.3d at 15. Under Civ.R. 15(A), a defendant is required to respond to an amended complaint within 14 days. In turn, by failing to respond to the Needhams' first and second amended complaint, Jones did not comply with the Civil Rules. The trial court, therefore, did not err in granting the Needhams' motion for default judgment.

{¶ 28} In addition, although Jones did not appeal from such finding, we also find no error in the trial court's decision denying his Civ.R. 60(B) motion for relief from judgment. To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time[.]" *Williams v. McFarland Properties*, 12th Dist. No. CA2012-09-187, 2013-Ohio-1384, ¶ 10, quoting *GTE Automatic Elec., Inc. v. ARC Industries., Inc.*, 47 Ohio St.2d 146 (1976). The moving party fails the test by not meeting any one of the above requirements. *Fitzwater v. Woodruff*, 12th Dist. No. CA2006-01-001, 2006-Ohio-7040, ¶ 10; *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988).

{¶ 29} Jones' motion was not made within a reasonable time. Jones filed his Civ.R. 60(B) motion for relief from judgment on May 13, 2011, nearly one year – 361 days to be exact – after the trial court filed its May 17, 2010 decision. "[A] motion may be filed within 1 year under Civil Rule 60(B) but still may not be considered within a 'reasonable time.'" *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 106 (8th Dist.1974). Furthermore, although alleging that his counsel had several "home emergencies" regarding his hot water heater and furnace, as well as his inability to leave his home due to heavy snowfall, none of these are

sound reasons to justify such a lengthy delay.

{¶ 30} In light of the forgoing, because we find no error in the trial court's decision granting the Needhams' motion for default judgment, nor in the trial court's decision denying Jones' Civ.R. 60(B) motion for relief from judgment, Jones' two assignments of error are overruled.

{¶ 31} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.